**Don Richard STAINES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–81–600CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 20, 1983.

Charles Cate, Clyde Dewitt, Houston, for appellant.

Patricia Saum, Carl Hobbs, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

This appeal follows appellant's conviction for rape of a child. The grand jury returned three indictments charging appellant with the rape of TMW, SLH and TAG, all females under the age of seventeen. On appellant's motion the cases were consolidated, and Staines entered a plea of not guilty to the charges. A jury found him guilty and assessed punishment at three years' confinement in the Texas Department of Corrections. We affirm.

At issue in a sole ground of error is whether the court erred in overruling appellant's motion to suppress evidence. Appellant's residence was searched pursuant to a warrant issued on October 26, 1979. Appellant attacks the validity of the search warrant itself as well as the introduction of certain items seized under the authority of the warrant.

The record contains a search warrant and affidavit made by Detective K.B. Hendricks of the Harris County Sheriff's Department. The affidavit states that Hendricks began an investigation on October 25, 1979, involving the rapes of three children, TMW, SLH and TAG. The incidents were alleged to have occurred from January through October of 1979. The affidavit states that Hendricks spoke with TMW on October 25, 1979, and she stated that she met appellant in December, 1978, "between Christmas and New Years" when she went to appellant's apartment to "model" for Staines. Appellant took her to the bedroom and instructed her to remove her clothing so he could "take her measurements." She complied and appellant recorded her measurements in a "black book." Appellant then had TMW dress in a karate suit and he took photographs of her. The affidavit also reflects that TMW went to appellant's "residence on Blackhawk" from April through October, 1979, for more "modeling" sessions, during which TMW again would disrobe, and appellant would record her measurements in his "black book." Appellant would tell TMW he wanted to "check her bone structure" and would subsequently have sexual contact and sexual intercourse with TMW. The affidavit further details similar episodes related by SLH and TAG, which occurred in May through October, 1979, at appellant's "house on Blackhawk." Appellant would have SLH stand before a large camera in the "studio" when she was nude. The affidavit was sworn to and a warrant issued thereon on October 26, 1979. The warrant authorized the search of a residence located at 16623 Blackhawk Boulevard, Friendswood, Harris County, Texas, and commanded the seizure of certain specified items, alleged to be evidence of crime, to wit:

(1) nude photographs of TMW, white female, 13 years of age, SLH, white female, 15 years of age, TAG, white female, 13 years of age and any other photographs of nude children and any undeveloped film;

(2) one black, hard covered book, approximately 6″ × 8″ × 1″ containing the name, age and physical measurements of TMW, SLH and TAG and other children whose names are unknown to your affiant;

(3) checks made payable to TMW, SLH and TAG;

(4) the business records of Don R. Staines, Freelance Photography which may tend to show the connection between Don R. Staines and child pornography including but not limited to phone bills, bank records, invoices and correspondence.

The officers recovered:

(1) black and white and color pictures, processed and unprocessed films of complainants and other unknown persons, clothed and nude.

(2) the described black book having personal information on the complainants and other persons.

(3) returned cancelled checks payable to the complainants.

(4) business records of Don R. Staines:

(a) checks from bank

(b) telephone bills

(c) utility bills

(d) storage space bills/reciepts (sic)

(e) other reciepts (sic) & bills relating to business

(f) phone book records of clients & other persons

(g) journal of clients, detailing personal information

■ Initially, appellant contends that the affidavit does not contain the requisite "underlying circumstances" which form the informant's conclusion that certain objects were present at the named location. Specifically, appellant urges that the information supplied by the complainants does not support the affiant's conclusion that the checks were located at appellant's residence, and would be evidence or instrumentalities of the offense, citing *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). This so-called "prong" of *Aguilar* is satisfied when an affidavit states facts and circumstances from which a reasonable person could conclude that the items to be seized are where the affidavit claims them to be and that the items are of a criminal nature such that the law authorizes their seizure. *Winkles v. State,* 634 S.W.2d 289

(Tex.Cr.App.1982, *opinion on motion for rehearing*). The affiant in the instant case states that the checks payable to the complainants are located at the premises in question and that the checks constitute evidence of an offense. We find the facts sufficient to support the seizure of the checks. The affidavit contains information gathered from the complainants, detailing appellant's pattern of conduct with the three complainants, including allegations that the girls had "modeled" for appellant and had worked as babysitters with appellant's children. The checks show a connection between appellant and the complainants. Even though the affidavit does not contain information *from the complainants* indicating that the checks were to be found in the place to be searched, this missing information does not vitiate the determination that probable cause existed to search the premises. *Lopez v. State,* 535 S.W.2d 643 (Tex.Cr.App.1976). The instant affidavit contains sufficient facts and circumstances to support the issuance of the warrant; only a probability, not a prima facie showing of criminal activity, need be shown. *Winkles,* 634 S.W.2d at 297.

■ Likewise, appellant contends that even though the affiant gives a detailed description of the place to be searched, the complainants' assertions in the affidavit only refer to this place as appellant's "residence on Blackhawk." Even though there is no showing how the affiant acquired the minutely detailed description of the premises, we do not find this fatal. All that is required is that the affidavit *or* search warrant describe the premises to be searched with sufficient definiteness to enable the officers executing the warrant to locate the property and distinguish it from other places in the community. *Maxon v. State,* 507 S.W.2d 234 (Tex.Cr.App.1974). We know of no rule which requires the *informant or complainant* to give a detailed description of the premises, especially where the premises may be personally observed by the affiant himself.

Appellant next complains that the information underlying the affidavit is stale.

The affidavit reflects that appellant first met the complainant TMW in December, 1978. The affiant describes appellant's pattern of conduct with TMW from that date until October 8, 1979; the affidavit and warrant are dated October 26, 1979.

■ The facts attested to in the search warrant affidavit must be so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at that time by the magistrate. *Lopez*, 535 S.W.2d at 648. In the instant case, the affidavit details an ongoing pattern of criminal conduct, in addition to several specific dates which indicate when the alleged incidents took place. Appellant's complaint is well-founded as to the information from the complainant TAG; that portion of the affidavit contains no definite time reference which would indicate when the alleged incidents took place. However, we find this defect to be harmless. Disregarding that portion of the statement, the remainder of the affidavit contains sufficient facts to enable the magistrate to determine that the events were recent enough to support a finding of probable cause at the time the warrant was issued. *Sherlock v. State*, 632 S.W.2d 604 (Tex.Cr.App.1982). The affiant spoke with the complainants TMW and TAG on October 25, 1979, and with complainant SLH on October 26, 1979. October 8, 1979, is the latest date specified in the affidavit. The eighteen day lapse between this date and the issuance of the warrant was not fatal.

■ Lastly, appellant takes issue with the seizure of the "black book." Staines contends that the book was exempt from seizure under TEX.CODE CRIM.PRO.ANN. art. 18.02, § 10 (Vernon Supp.1982–1983) which provides:

> A search warrant may be issued to search for and seize ... property or items, *except the personal writings by the accused,* constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense.... (emphasis added).

Appellant contends that even though the book was never introduced into evidence, the harmful effect is still present because the prosecutor was allowed to hold it up and read from it before the jury. All three complainants testified that Staines had written their measurements and other personal data in the "black book." Appellant did not object to the girls' testimony concerning the book; the court sustained appellant's objection to the state's attempt to introduce the book into evidence. Appellant never requested an instruction for the jury to disregard any references to the book. We are unable to find support in the statement of facts for appellant's contention that the state was permitted to "read" from the book. Thus the error, if any, does not call for reversal.

Finding no reversible error, we overrule appellant's ground of error and affirm the conviction.