Ismael Sauceda GARCIA, Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–088–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1984.

Alfonso Ibanez, Edinburg, for appellant.

Theodore C. Hake, Edinburg, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for the offense of possession of a controlled substance. Appellant pled guilty and was sentenced to five years' imprisonment in the Texas Department of Corrections.

Appellant limits his appeal to one ground of error. He contends that the trial court committed reversible error in denying his motion to suppress evidence which was seized in a search of his residence. He contends that the seizure of the evidence found in his residence, consisting of heroin and cocaine, was inadmissible because the probable cause discussed in the affidavit was insufficient under case law and was in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution, Article I, Sec. 9 of the Texas Constitution and TEX.CODE CRIM.PROC.ANN. arts. 18.01 (Vernon Supp.1984) and 38.23 (Vernon 1979).

The affidavit in question, which appellant asserts is insufficient to establish probable cause, reads, in pertinent part:

4. AFFIANT HAS PROBABLE CAUSE FOR THE SAID BELIEF BY REASON OF THE FOLLOWING FACTS, TO WIT:

On Wednesday, August 3, 1983, McAllen, Police Narcotics Investigator, Manuel A. Segovia received information from a Confidential Informant who has given Nar/Inv. Segovia information that has been true and correct on past occasions. Confidential Informant wished to remain anonymous for security reasons.

Nar/Inv. Manuel A. Segovia is a certified Texas Peace Officer and has approximately eight (8) years of Law Enforcement experience and is presently employed by the McAllen Police Department as a Narcotics Investigator.

Confidential Informant states that the following facts which affiant believes to be true and correct: That within the past 48 hrs. Confidential Informant was present at suspected place along with suspected party and two (2) other unknown male subjects. Confidential Informant observed suspected party produce a plastic baggie containing HEROIN in brown powder form and showed the bag of HEROIN to everyone present. Confidential Informant observed the suspected party withdraw, from the plastic bag, a small amount of HEROIN and proceeds to weigh the HEROIN on a weight scale. Suspected party told everyone present that he has some pure HEROIN for sale. Confidential Informant further states that everytime Confidential Informant has been at suspected place, HEROIN has been readily available. (Sic throughout)

On Wednesday, August 3, 1983, McAllen Police Narcotics Investigator Manuel A. Segovia conducted surveillance at the suspected place. Nar/Inv. Segovia observed vehicles stopped by the suspected place, unknown male subjects walk to the front door and later exit the house within minutes, on each occasion. (R15).

■ The United States Supreme Court, in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), abandoned the two-prong test in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) in favor of the "totality of circumstances" approach that has traditionally governed probable cause determinations. In its opinion, the Court said that:

"The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of the reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed.... We are convinced that this flexible, easily applied standard will better achieve the accommodation of public and private interests that the Fourth Amendment requires than does the approach that has developed from *Aguilar* and *Spinelli*. *Illinois v. Gates*, 103 S.Ct. at 2332)."

The totality of circumstances test set forth in *Illinois v. Gates* is appropriate here. *See Hennessy v. State*, 660 S.W.2d 87 (Tex.Crim.App.1983).

■ It appears that the magistrate here based his decision on the informer's "tip" and the subsequent surveillance of appellant's residence by narcotics officers. The affidavit stated that the informant had, on prior occasions, given the police officers reliable information. The informant told officers that, within forty-eight hours of the date of the affidavit, he had been inside appellant's residence and had seen heroin. He saw appellant weigh the heroin and heard appellant say that he had some pure heroin for sale. The informant also said that he had been at appellant's residence on other occasions and that heroin had been readily available. The officer's affidavit, which asserted that a reliable informer had observed the contraband first-hand, was sufficient to inform the magistrate of the underlying circumstance by which he concluded that the contraband was where it was alleged to be. *See Carmichael v. State*, 607 S.W.2d 536, 539 (Tex.Crim.App.

1980) at n. 1; *see* e.g. *Collins v. State*, 502 S.W.2d 743 (Tex.Crim.App.1973). Further, the statement of the narcotics officer that he had observed individuals walk up to the door and exit within a few minutes corroborated the informer's tip. We hold that the magistrate had a substantial basis for his conclusion that probable cause existed for the search based on the totality of the circumstances presented in the affidavit.

■ Appellant suggests that Article I, Section 9 of the Texas Constitution is more restrictive than the Fourth Amendment of the U.S. Constitution. This argument was expressly rejected in *Brown v. State*, 657 S.W.2d 797, 798 (Tex.Crim.App.1983) (en banc) when the Court of Criminal Appeals declined the defendant's "invitation to attach to Article I, Section 9 of our Texas Constitution a more restrictive standard of protection than that provided by the Fourth Amendment."

■ Appellant also contends that TEX. CODE CRIM.PROC.ANN. art. 18.01(b) is more restrictive than the Fourth Amendment. This section states that:

(b) No search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance. A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested. The affidavit is public information if executed.

Appellant, without citing any case authority, suggests that the affidavit in question fails under the "substantial facts" requirement. Without reiterating all of the facts in the affidavit which we hold establish probable cause under the totality of circumstances test, we find that these facts are sufficient under TEX.CODE CRIM.PROC. ANN. art. 18.01(b) to establish probable cause for the issuance of the search warrant. Appellant's ground of error is overruled. The judgment of the trial court is affirmed.