Abelardo Garcia GUERRA, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–92–247–CR.

Court of Appeals of Texas, Corpus Christi.

July 29, 1993.

Rehearing Overruled Aug. 31, 1993.

Joseph A. Connors, III, McAllen, for appellant.

Rene Guerra, Crim. Dist. Atty., Cynthia A. Morales, Theodore C. Hake, Asst. Crim. Dist. Attys., Edinburg, for the state.

Before NYE, C.J., and GILBERTO HINOJOSA and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

After the trial court denied his motions to suppress, appellant, Abelardo Garcia Guerra, pleaded no contest to the felony charge of possession of less than twenty-eight grams of cocaine. A trial judge found appellant guilty, and sentenced him to ten years in the Texas Department of Criminal Justice, Institutional Division, probated for ten years, and assessed a $5,000 fine. We affirm.

The evidence that appellant sought to suppress was the product of a search warrant, issued on May 24, 1991. The affidavit supporting the search warrant stated:

This Affiant received information from a credible and reliable confidential informant that "FNU" Guerra, Hispanic male, is keeping cocaine inside his residence described as the suspected place. The credible and reliable confidential informant stated that he personally observed "FNU" Guerra, suspected party, inside his residence, the suspected place, in possession of a usable amount of cocaine and the credible and reliable confidential informant observed "FNU" Guerra sell a controlled substance, to wit: cocaine within the past seventy-two (72) hours from inside the residence, the suspected place.

The credible and reliable confidential informant stated that "FNU" Guerra, suspected party, sells cocaine in quarter grams and eight balls (3.5 grams). All the cocaine is sold is (sic) clear plastic packages.

The credible and reliable confidential informant stated that every time the credible and reliable confidential informant has been at the suspected place, the suspected party has had cocaine ready and available to sell to drug users.

This confidential informant is credible and reliable due to the fact that this confidential informant has given information to this Affiant in the past that led to the seizure of cocaine on at least one occasion.

The warrant was issued and executed on the same day as the affidavit.

By two points of error, appellant contends that the warrant was issued without probable

cause and was therefore issued in violation of state and federal law. We must determine whether the affidavit upon which the warrant issued demonstrated probable cause to believe that the cocaine would be found in the suspected place at the time the warrant was being issued. This determination requires us to examine whether the events delineated in the affidavit occurred sufficiently close enough in time to the request for the warrant.

■ Under state and federal case law, the duty of the reviewing court is to determine whether the magistrate issuing the search warrant had a "substantial basis" for concluding that probable cause existed for the issuance of a warrant. *Illinois v. Gates,* 462 U.S. 213, 239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983); *Bower v. State,* 769 S.W.2d 887, 902 (Tex.Crim.App.1989); *Alvarez v. State,* 750 S.W.2d 889, 891 (Tex.App.—Corpus Christi 1988, pet ref'd). A magistrate in Texas may not issue a search warrant "unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance." TEX.CODE CRIM.PROC.ANN. art. 18.-01(b) (Vernon Supp.1993). A search warrant affidavit should be read in a common sense, realistic, and not hypertechnical fashion; although the magistrate is limited to the four corners of the document, he may nonetheless make reasonable inferences from the facts and circumstances contained therein. *Bower,* 769 S.W.2d at 902; *Capistran v. State,* 759 S.W.2d 121, 127 (Tex.Crim.App.1982); *Mayfield v. State,* 800 S.W.2d 932, 935 (Tex. App.—San Antonio 1990, no pet.).

■ Facts attested to in an affidavit supporting a search warrant must have occurred recently enough to justify a finding of probable cause at the time of issuance. *Staines v. State,* 659 S.W.2d 50, 53 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd). Probable cause ceases to exist when, at the time the search warrant is issued, it would be unreasonable to presume that the items remain at the suspected place. *Gonzales v. State,* 761 S.W.2d 809, 813 (Tex.App.—Austin 1988, pet. ref'd). Probable cause is not determined by a mechanical counting of days between the date of the facts relied upon in the warrant and the date of issuance of the warrant. *Id.* The significance of the lapse of time depends on the nature of the criminal activity. *Id.*

In *Cawthon v. State,* 795 S.W.2d 818, 822 (Tex.App.—Tyler 1990, no pet.), the court held that language stating that the informant had observed the defendant in possession of marihuana and methamphetamines "in the last 72 hours" at his residence was sufficient to show pertinent dates to demonstrate that probable cause existed to issue the warrant. In *Garcia v. State,* 676 S.W.2d 202 (Tex. App.—Corpus Christi 1984, pet. ref'd), this Court upheld a warrant based upon a similar affidavit. There, the affidavit read that, "within the past 48 hrs. Confidential Informant observed suspected party produce a plastic baggie containing heroin." The Court interpreted this language to mean the observation occurred within 48 hours of the date of the affidavit. *Id.* at 204. In *Alvarez,* although it struck down an affidavit on other grounds, this Court held that the attestation "within the past 48 hours" was sufficient to satisfy the time element requirement. *Alvarez,* 750 S.W.2d at 892. Finally, in *Capistran,* when an affidavit stated that an informant had observed the suspect in possession of marihuana at the named location "within the past seventy-two hours," the Court upheld the warrant. *Capistran,* 759 S.W.2d at 127–28. The Court stated: "We interpret the instant affidavit to mean that the informant made his observations in the residence within seventy-two hours from the date of the affidavit." *Id.*

■ In this case, the search warrant affidavit stated that the confidential informant personally observed appellant in possession of cocaine in the suspected place "within the past seventy-two (72) hours." Our "common sense" interpretation of this language is that the confidential informant saw appellant in possession of cocaine in the suspected place within 72 hours of the date of the affidavit. The affidavit is dated May 24, 1991, the same day the warrant was executed and appellant was arrested. We find that this language is sufficient enough to show a substantial basis for the magistrate's finding of probable cause that the cocaine would be at appellant's resi-

dence at the time the warrant was issued. *Gates*, 462 U.S. at 237–39, 103 S.Ct. at 2332; *Bower*, 769 S.W.2d at 902; *Alvarez*, 750 S.W.2d at 891. Thus, appellant's rights under the Texas and United States Constitutions, and under the Texas Code of Criminal Procedure, were not violated. Points of error one and two are overruled.

The judgment of the trial court is AFFIRMED.

NYE, C.J., not participating.