Glenn Allen **HAFFORD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–98–00503–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 25, 1999.

---

Floyd W. Freed, III, Houston, for Appellant.

John B. Holmes, Carmen Castillo Mitchell, Houston, for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices O'CONNOR and TAFT.

## OPINION

TIM TAFT, Justice.

Appellant, Glenn Allen Hafford, was charged with possession of less than one gram of cocaine. Appellant pled guilty, pursuant to a plea bargain agreement, and the trial court sentenced him to 168 days in jail. We address whether the trial court erred by denying appellant's motion to suppress evidence seized pursuant to a search warrant, based upon an affidavit appellant claims contained stale facts. We affirm.

### Facts

On November 7, 1997, Houston Police Officer D.M. Knapp executed a controlled cocaine purchase using a confidential informant to purchase cocaine at appellant's residence. On November 10, 1997, Officer Knapp submitted an affidavit to a magistrate to obtain a search warrant for appellant's residence. The magistrate issued the warrant, which was executed on November 13, 1997.

### Staleness

In appellant's sole issue on appeal, he contends the trial court erred by denying his motion to suppress evidence obtained pursuant to the search warrant. Appellant argues that the lapse in time between the events detailed in Officer Knapp's affidavit and execution of the search warrant caused the facts in the affidavit to become stale, and that the magistrate's finding of probable cause was, therefore, erroneous.

■ No search warrant shall issue for any purpose in Texas unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance. TEX.CODE CRIM. P. ANN. art. 18.01(b) (Vernon Supp.1999). Further, a sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested. *Id.* To justify a magistrate's finding that an affidavit is sufficient to establish probable cause to issue a search warrant, the facts set out in the affidavit must not have become stale when the magistrate issues the search warrant. *Guerra v. State,* 860 S.W.2d 609, 611 (Tex.App.—Corpus Christi 1993, pet. ref'd).

■ Appellant argues that this Court should examine the period between the occurrence of the events detailed in the affidavit and the time the search warrant was executed. We are not concerned with that time period, however, because of article 18.06(a) of the Code of Criminal Procedure, which requires that a search warrant must be executed within three days of its issuance, unless the magistrate orders a shorter execution period. TEX.CODE CRIM. P. art 18.06(a) (Vernon 1977). The proper method to determine whether the facts supporting a search warrant have become stale is to examine, in light of the type of criminal activity involved, the time elapsing between the occurrence of the events set out in the affidavit and the time the search warrant was issued. *Guerra,* 860 S.W.2d at 611.

■ Officer Knapp's affidavit established he was a Houston Police Officer assigned to the Street Level Enforcement Squad of the Central Narcotics Division, and familiar with narcotics activity in the area of appellant's residence. In his affidavit, Knapp stated:

(1) He observed an inordinate amount of foot and vehicle traffic approaching appellant's residence, which is an indication of narcotics activity.

(2) On November 7, 1997, Knapp used a reliable informant to conduct a controlled cocaine purchase at appellant's residence. Knapp observed the informant and an unidentified person conversing in appellant's front yard.

(3) After the controlled purchase, the informant told Knapp that the conversation Knapp observed consisted of the informant's asking the unidentified person for $20 worth of crack cocaine and the unidentified person's retrieving, from appellant's residence, 10 small bags containing rocks of cocaine, from which the informant made his selection.

(4) The informant told Officer Knapp that between November 7, 1997, and November 10, 1997, the informant witnessed several narcotics transactions occurring at appellant's residence.

Based upon the ongoing nature of the narcotics activity at appellant's residence between the date of the drug transaction and the date the search warrant was issued, we conclude that the facts set out in Officer Knapp's affidavit were not stale when the magistrate issued the search warrant. The affidavit set out substantial facts justifying the magistrate's conclusion that narcotics would be found at appellant's residence. Accordingly, we overrule appellant's sole issue presented.

### Conclusion

We affirm the judgment of the trial court.