**David Lewis ROWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–99–00560–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 16, 2000.

David Cunningham, Houston, for Appellant.

Carol M. Cameron, John B. Holmes, Houston, for State.

Panel consists of Justices O'CONNOR, NUCHIA, and DUGGAN.*

## OPINION

MICHOL O'CONNOR, Justice.

David Lewis Rowell, the appellant, was charged by information with the misdemeanor offense of possession of marijuana. The appellant filed a motion to suppress evidence, challenging the validity of the search of his residence. The trial court found the search warrant to be valid and denied the motion to suppress. The appellant waived his right to a jury trial, and the trial court found him guilty. The appellant was sentenced to 29 days in jail under the terms of his plea bargain.

In one point of error, the appellant challenges the sufficiency of the federal search warrant used to enter his residence and seize the contraband. We reverse and remand.

### Background

On April 15, 1998, a United States magistrate signed a search warrant that was based on the application of Bureau of Alcohol, Tobacco and Firearms (ATF) Special Agent Jose Ballesteros. In his affidavit, Ballesteros stated:

That I am a Special Agent of the [ATF] and have been so employed for fourteen years. . . .

That David Lewis Rowell . . . is a convicted felon . . . [who] pleaded guilty to Burglary of a Habitation . . . and received a term of imprisonment of ten years.

. . .

That on November 11, 1996, [appellant] possessed a firearm when he pawned a Browning rifle at the EZ Pawn pawn shop located at 7503 Airline in Houston, Harris County, Southern District of Texas. That on April 8, 1997, [appellant] possessed a firearm when he redeemed the same Browning rifle from the EZ Pawn pawn shop located at 7503 Airline in Houston, Texas. That on September 17, 1997, [appellant] possessed a firearm when he pawned a Star pistol at the EZ Pawn pawn shop located at 7503 Airline in Houston, Harris County, Southern District of Texas. That on October 17, 1997, [appellant] possessed a firearm when he redeemed the same Star pistol from the EZ Pawn pawn shop located at 7503 Airline in Houston, Texas. That these transactions are documented by records maintained by EZ Pawn pawn shop in the regular course of business.

. . .

That based on my experience as a Special Agent for the [ATF], I know that it is common for individuals who possess firearms to keep those firearms at their residence. That by redeeming the firearms after pawning them indicates that the individual redeeming the firearms intends to keep them. I feel that probable cause exists for the issuance of a search warrant for the residence of [ap-

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

pellant] located at 7126 Gracia, Houston, Texas.

During the search, officers found the firearms [1] described in the warrant and the marijuana that was the basis of the charge against the appellant.

## Discussion

 The appellant challenges the search warrant based on the remoteness of the information claimed to constitute the probable cause that he was in possession of contraband at the targeted premises (his residence). The appellant argues that pawning a gun on November 11, 1996 and redeeming it on April 8, 1997, then pawning another gun on September 17, 1997 and redeeming it on October 17, 1997 does not provide probable cause for the issuance of a warrant six months later. We agree.[2]

 An affidavit must allege substantial facts establishing probable cause to believe that the items would be found at the identified place. *See Massey v. State*, 933 S.W.2d 141, 148 (Tex.Crim.App.1996). The question is whether "the facts submitted to the magistrate are sufficient to justify a conclusion that the property that is the object of the search probably is on the ... premises to be searched at the time the warrant issues." *Id.* We look at the four corners of the affidavit in determining whether there is probable cause to search the identified locations. *Id.* Statements made during a pretrial hearing do not factor into that determination.[3] *Id.*

 No search warrant shall issue for any purpose in Texas unless sufficient facts are first presented to satisfy the issu-

ing magistrate that there is probable cause for its issuance. Tex.Code Crim. P. art. 18.01(b). A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested. *Id.* To justify a magistrate's finding that an affidavit is sufficient to establish probable cause to issue a search warrant, the facts set out in the affidavit must not have become stale when the magistrate issues the search warrant. *Hafford v. State*, 989 S.W.2d 439, 440 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd); *Guerra v. State*, 860 S.W.2d 609, 611 (Tex.App.—Corpus Christi 1993, pet. ref'd). Probable cause ceases to exist when, at the time the search warrant is issued, it would be unreasonable to presume the items remain at the suspected place. *Guerra*, 860 S.W.2d at 611.

 The proper method to determine whether the facts supporting a search warrant have become stale is to examine, in light of the type of criminal activity involved, the time elapsing between the occurrence of the events set out in the affidavit and the time the search warrant was issued. *Hafford*, 989 S.W.2d at 440; *Guerra*, 860 S.W.2d at 611. When the affidavit recites facts indicating activity of a protracted and continuous nature, i.e., a course of conduct, the passage of time becomes less significant. *Lockett v. State*, 879 S.W.2d 184, 189 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd).

In *Lockett*, the challenged warrant was applied for on March 12, 1991 and executed on March 15. 879 S.W.2d at 186–87. The affidavit in support of the warrant

---

1. The warrant was for the Star pistol, the Browning rifle, and ammunition.

2. The State asserts that nothing is presented for review with respect to the admission of evidence of the marihuana because the appellant stipulated to the evidence. The State provides no support for this contention because there is none.

3. The State asserts the denial of the motion to suppress must be presumed correct because

this Court does not have a complete reporter's record from the guilt/innocence phase of trial, the punishment phase, or the hearing on the motion to suppress. This argument has no merit. *See Massey*, 933 S.W.2d at 148. Therefore, testimony taken during the guilt/innocence phase, the punishment phase, or any pretrial hearing does not bear upon our assessment of probable cause.

contained information from two confidential informants who had known the appellant for several years and observed firearms in his residence in October 1990 and November 1990 respectively, and from the appellant's parole officer who had seen a gun cabinet in appellant's residence in December 1990. The appellate court overruled the appellant's staleness challenge, holding that the affidavit presented the magistrate with information from which it could conclude that the appellant was in continuous possession of firearms over an extended period. *Id.* at 189.

Here, the affidavit contains no such information. Ballesteros' affidavit sets out only two instances in which the appellant pawned and then redeemed a firearm. The instances occurred almost five months apart. The warrant was not issued for another six months after the second redemption. Ballesteros did not state what the appellant did with the firearms after redeeming them. There is no statement from anyone who might have observed firearms inside the appellant's residence. There is no indication the appellant took the firearms to his residence after redeeming them. The affidavit does not indicate the location of the pawn shop in relation to the appellant's residence. Other than Ballesteros's past experience with other felons, there is nothing in his affidavit from which the magistrate could have presumed the firearms were ever at the suspected place (the appellant's residence), much less remained there six months after the last gun was redeemed from the pawn shop. We conclude that the affidavit was not sufficient to establish probable cause to issue the warrant.

We sustain the appellant's sole point of error.

We reverse the trial court's judgment and remand for further proceedings.