In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00131-CR
______________________________


JOHNNY LOUIS HUGHES, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 276th Judicial District Court
Marion County, Texas
Trial Court No. F13,518


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Johnny Louis Hughes was convicted by a jury of the second degree felony offense
of possession of a controlled substance.


 The offense was enhanced to a first degree
felony due to a prior felony conviction. The jury assessed punishment at twenty years'
imprisonment, and Hughes was sentenced in accordance with the jury verdict. Hughes
appeals, contending in a sole point of error that the trial court erred in refusing to suppress
evidence seized in connection with the execution of a search warrant. We overrule this
contention and affirm the judgment.
Background 
          A confidential informant told Officer Stan Buckland that Hughes was dealing crack
cocaine from his car. Buckland included this information in an affidavit in support of a
request for a search warrant. A magistrate issued a warrant to search Hughes' car on the
basis of that information. Officers executed the search warrant and found an aspirin bottle
and a plastic bag in Hughes' car. Both contained crack cocaine. 
          Hughes was arrested and charged with possession of a controlled substance. 
Before his trial, Hughes filed a motion to suppress evidence that challenged the search
warrant. The trial court denied the motion. 
Discussion 
          Hughes contends the affidavit in support of the search warrant failed to establish
probable cause because (1) the affidavit fails to state how the informant acquired his
information, and (2) the information contained in the affidavit was stale. We disagree.
          We review the trial court's decision on a motion to suppress evidence by applying
a bifurcated standard of review, deferring to the trial court's determination of historical facts
that depend on credibility, but reviewing de novo the trial court's application of the law.
Burke v. State, 27 S.W.3d 651, 654 (Tex. App.—Waco 2000, pet. ref'd). We review
de novo those questions not turning on credibility and demeanor. Hernandez v. State, 957
S.W.2d 851 (Tex. Crim. App. 1998). Because probable cause to support the issuance of
the warrant is determined from the "four corners" of the affidavit alone, there are no
credibility choices to be made by the trial court in examining the sufficiency of an affidavit
to establish probable cause. Burke, 27 S.W.3d at 654. Thus, we review de novo the
court's ruling on the motion to suppress. Id. We will affirm the trial court's ruling if the
ruling is reasonably supported by the record and is correct on any theory of law applicable
to the case. Roberts v. State, 963 S.W.2d 894, 903 (Tex. App.—Texarkana 1998, no pet.).
          Granting great deference to the issuing magistrate's determination, we will sustain
the issuance of the warrant if the magistrate had a substantial basis for concluding that a
search would uncover evidence of wrongdoing. Illinois v. Gates, 462 U.S. 213, 236 (1983);
see Swearingen v. State, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004). "If in a particular
case it may not be easy to determine whether an affidavit demonstrates the existence of
probable cause, the resolution of such doubtful or marginal cases should be largely
determined by the preference to be accorded warrants." State v. Walker, 140 S.W.3d 761,
765 (Tex. App.—Houston [14th Dist.] 2004, no pet.). We interpret affidavits for arrest or
search warrants in a common-sense and realistic manner. Gibbs v. State, 819 S.W.2d
821, 830 (Tex. Crim. App. 1991). The magistrate who reviews an affidavit may draw
inferences from the facts contained therein. Id.
          The affidavit being questioned on appeal was signed October 1, 2004, and states
in relevant part: 
1. There is in Marion County, Texas, a suspected vehicle described and
located as follows: 1997 Dodge Intrepid Vin # 2B3HD46T1VH558542 L.P.
# X46PFH purple in color. Said vehicle found to be under the control of the
suspected party named below and in, on, or around which said suspected
party may reasonably reposit or secrete property which is the object of the
search requested herein.
 
2. Said suspected vehicle is in the charge of and controlled by each of the
following named and/or described suspected parties (hereafter called
"suspected party," whether one or more), to wit: Hughes, Johnny Louis b/m
D.O.B. 10-19-67 DL# 14458994 . . . .
 
3. It is the belief of affiant that said suspected party has possession of and
is concealing in said suspected vehicle the following property: "Crack
Cocaine" possession of which is in violation of HSC 481.112 . . . .
 
4. Affiant has probable cause for said belief by reason of the following facts
and circumstances: 
Information obtained by this Officer from confidential informant. This
Officer has used information provided by confidential informant on several
occasions, always proven to be accurate and reliable. Two felony arrest [sic]
with one conviction have been made using information provided by
confidential informant. Said informant is a resident of Marion County and the
City of Jefferson.
Said confidential informant told this Officer on several occasions, the
most recent being Friday, September 24, 2004, said informant has witnessed
suspected party selling "crack cocaine" from the vehicle described above.
Confidential informant told this Officer suspected party will take unidentified
person(s) from their place of employment to the Citizens National Bank to
cash their payroll checks. Confidential informant told this Officer most of the
unidentified person(s) owed most of their check to the suspected party for
"crack cocaine["] supplied by him during the week. Confidential informant
told this Officer suspected party will cut up "crack cocaine" for the
unidentified person(s) while sitting in the above described vehicle and while
parked near the Citizens National Bank on Friday afternoons.

Information Provided by Informant
 
          The Fourth Amendment to the United States Constitution and Article I, Section 9 of
the Texas Constitution guarantee the right of the people to be secure against unreasonable
searches of their persons, houses, papers, and effects. U.S. Const. amend. IV; Tex.
Const. art. I, § 9. Because of the potential unreliability of statements given by anonymous
informants, the United States Supreme Court developed the Aguilar-Spinelli analysis,
which required a two-pronged test: 1) the informant obtained the relevant information in
a reliable manner, and 2) the informant was reliable. 
          In response to "hypertechnical" interpretations of the Aguilar-Spinelli analysis, the
United States Supreme Court subsequently relaxed the rigid standards in that analysis to
allow consideration of the totality of the circumstances. See Gates, 462 U.S. at 230.
Because the focus of inquiry is whether the statements are sufficiently reliable for a finding
of probable cause, a deficiency in one of the two factors of reliability of the informant may
not be fatal if the totality of the circumstances indicates reliability. Id. However, the totality
of the circumstances includes the "veracity," "reliability," and the basis of knowledge of the
informant and the informant's information. "An informant's 'veracity,' 'reliability,' and 'basis
of knowledge' are all highly relevant in determining the value of his report." Id.
          Hughes contends the affidavit fails to provide the basis for the informant's
knowledge. He asserts that the information provided by the confidential informant is not
a factual report of what the informant actually witnessed, but rather what the informant
surmised might have happened on various occasions. Again, the case of Gates negates
the necessity of a showing of the basis of knowledge and adopts a totality of the
circumstances review. 
          The affidavit in this case makes clear that the basis of the informant's knowledge
was his personal observation. The affidavit states the informant "witnessed the suspected
party selling 'crack cocaine'" out of his vehicle. The affidavit describes in detail the car out
of which the informant witnessed Hughes selling drugs, the bank to which Hughes took his
customers, and the day of the week on which he made his drug transactions. The
magistrate could have reasonably inferred that the informant gained this information by
personally observing Hughes.
Facts Supporting Search Warrant Not Stale
          To justify a magistrate's finding that an affidavit is sufficient to establish probable
cause to issue a search warrant, the facts set out in the affidavit must not have become
stale when the magistrate issues the search warrant. Hafford v. State, 989 S.W.2d 439,
440 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd); Guerra v. State, 860 S.W.2d 609, 611
(Tex. App.—Corpus Christi 1993, pet. ref'd). Probable cause ceases to exist when, at the
time the search warrant is issued, it would be unreasonable to presume the items remain
at the suspected place. Guerra, 860 S.W.2d at 611.
          The proper method to determine whether the facts supporting a search warrant have
become stale is to examine, in light of the type of criminal activity involved, the time
elapsing between the occurrence of the events set out in the affidavit and the time the
search warrant was issued. Hafford, 989 S.W.2d at 440; Guerra, 860 S.W.2d at 611.
When the affidavit recites facts indicating activity of a protracted and continuous nature,
i.e., a course of conduct, the passage of time becomes less significant. Lockett v. State,
879 S.W.2d 184, 189 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd).
          The affidavit and search warrant in this case were signed and executed October 1,
2004. The last instance in which the confidential informant witnessed Hughes selling drugs
out of his car occurred September 24, 2004—seven days before the warrant was issued. 
Hughes contends this lapse of time is too great to allow the magistrate a substantial basis
for concluding that a search of Hughes' car would uncover wrongdoing. 
          Facts stated in an affidavit must be so closely related to the time of the issuance of
the warrant that a finding of probable cause is justified at that time. Flores v. State, 827
S.W.2d 416, 418 (Tex. App.—Corpus Christi 1992, pet. ref'd). However, the amount of
delay that will make information stale for search warrant purposes depends on the
particular facts of a case, including the nature of criminal activity and the type of evidence
sought. Mechanical count of days is of little assistance in this determination; but, rather,
common sense and reasonableness must prevail, with considerable deference to be given
to the magistrate's judgment based on the facts before such magistrate, absent
arbitrariness. Lockett, 879 S.W.2d at 189 (citing Ellis v. State, 722 S.W.2d 192, 196–97
(Tex. App.—Dallas 1986, no pet.)).
          As noted above, when the affidavit indicates activity of a continuous nature, the
passage of time becomes less important. Bernard v. State, 807 S.W.2d 359, 365 (Tex.
App.—Houston [14th Dist.] 1991, no pet.) (citing United States v. Johnson, 461 F.2d 285,
287 (10th Cir. 1972)). In such cases of continuous criminal activity, numerous decisions
have upheld even greater lapses than the one in this case. Smith v. State, 114 Tex. Crim.
315, 23 S.W.2d 387, 387 (1930) (thirty days); Burke, 27 S.W.3d at 655 (ten days); Bills v.
State, 855 S.W.2d 79, 82 (Tex. App.—Fort Worth 1993, no pet.) (six months); Bernard,
807 S.W.2d 359 (twelve days).
          Here, the affidavit states the informant witnessed Hughes selling crack cocaine on
several occasions, most recently on Friday, September 24, 2004. Given the facts recited
in the affidavit, the magistrate could have reasonably inferred Hughes was engaged in
criminal activity of a continuous nature. 
          The affidavit also states Hughes conducted these drug transactions on Fridays. It
gives numerous details about why and how the transactions occurred on Fridays. Probable
cause ceases to exist when, at the time the warrant is issued, it would be unreasonable to
presume that the illegal contraband remains at the suspected place. Guerra, 860 S.W.2d
at 611. The magistrate could have also reasonably presumed Hughes would be in
possession of crack cocaine on the Friday following the last occasion witnessed by the
informant.
          Reviewing the affidavit in the light of the totality of the circumstances, we find the
information contained in the affidavit provided the magistrate with a substantial basis for
concluding there was a fair probability that contraband or evidence of a crime would be
found in a particular place.
 

          We affirm the judgment.
 
                                                                Donald R. Ross
                                                                Justice

Date Submitted:      February 13, 2006
Date Decided:         February 22, 2006

Do Not Publish