Opinion issued August
11, 2011


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of Appeals

For The

First District of Texas

————————————

NOS. 01-10-00788-CR,
01-10-00789-CR

————————————

HOMER
CLARK STEELE, Appellant

V.

The State of Texas,
Appellee



 



 



On Appeal from 338th
District Court

Harris County, Texas

Trial Court Cause Nos.
1200859, 1200952

 



 

 

MAJORITY OPINION

          Appellant,
Homer Clark Steele, appeals judgments convicting him for indecency with a child
and possession of child pornography.  See Tex.
Penal Code Ann. §§ 21.11(a)(1), (2)(B) (West Supp. 2010), 43.26(a) (West
2003).  After the trial court denied his
motion to suppress, appellant pleaded guilty to both charges.  The trial court assessed appellant’s
punishment at 20 years’ imprisonment for indecency with a child and 10 years’
imprisonment for possession of child pornography.  On appeal, appellant contends that the trial
court erred by denying his motion to suppress evidence obtained as a result of
a search that he alleges was illegal on the ground that the affidavit
supporting the search warrant was insufficient to establish probable cause.  We conclude that the affidavit established
probable cause and that the trial court properly denied appellant’s
motion.  We affirm.

Background

          On January 26, 2009, Officer Brinson swore
to an affidavit supporting a warrant to search appellant’s apartment for, among
other things, “images of persons who appear to be under the age of 18, engaged
in sexual acts or posed in a manner to elicit sexual response or otherwise
engaging in sexual conduct.”  The
affidavit establishes the following:  Officer
Brinson was assigned to investigate appellant after Anthony Thumann reported to
the Pasadena Police Department that he had reason to believe that appellant had
been sexually assaulting young boys over the course of the preceding 40 years.  Thumann reported that appellant was currently
living with a young male named “C.S.” and that C.S. had lived with appellant
since C.S. was 10 years old.  After
filing his initial report, Thumann mentioned to Officer Brinson that while
inside appellant’s residence several years before, he had seen nude photographs
depicting C.S. at 11 years old.  Thumann
reported that appellant was currently living with an 18-year-old male named “K.A.”


          The affidavit also recounts that after
speaking with Thumann, Officer Brinson met with Grattan Broderick, who
represented that appellant had been a friend of his family for the preceding 40
years.  Broderick informed Officer
Brinson that appellant had confided in him how he would pursue and sexually
assault young boys.  Appellant told
Broderick that he preferred boys who were around 10 years old and living with a
single mother.  Appellant would offer to
take the young boys into his care and then provide everything for them.  Broderick reported to Officer Brinson that
C.S. was currently living with appellant and that C.S. had lived with appellant
since C.S. was 10 years old.  Broderick
added that appellant had told him how he had sexually assaulted C.S. during
that time.  He also stated that he knew
of at least 10 other young boys that appellant had had in his home and sexually
assaulted.  Broderick further stated that
appellant was currently living with an 18-year-old, named “K.A.”  Additionally, Broderick reported to Officer
Brinson that while cleaning appellant’s apartment several years before, he
found photographs depicting nude young boys. 
Broderick also reported that five months before, appellant had shown him
a photograph, which he had removed from his wallet, depicting a nude
15-year-old boy.  When Broderick asked
whom the photograph depicted, appellant told him it was K.A.  Officer Brinson also stated in his affidavit
that C.S. was born in June 1987 and K.A. was born in April 1990.

          Officer Brinson further attested that
he had been personally involved in the arrest of no fewer than 50 persons
involved in child sexual exploitation and that, based on his own investigative experience
as well as his conversations with more experienced investigators, he was aware
that “people with a sexual interest in children, people who buy, produce,
trade, or sell child pornography, and people who molest children
. . . [tend to] collect sexually explicit . . . photographs
. . . depicting children, 
which they . . . rarely, if ever, dispose of . . .
and [which they] treat[] as prized possessions.”  Officer Brinson additionally attested,

These people collect, and
maintain photographs of children they have been involved with.  These photographs may depict children
. . . in various stages of undress, or totally nude . . . .  These photographs are rarely, if ever,
disposed of and are revered with such devotion that they are often kept upon
the individual’s person, in wallets and on diskettes.  If a picture of a child is taken by such a
person, depicting the child in the nude, there is a high probability the child
was molested before, during, or after the photograph taking session
. . . .

 

          On January 27, 2009, Officer Brinson executed
the search warrant.  Officer Brinson
knocked on the front door of appellant’s one-bedroom apartment.  Appellant answered the door.  Brinson asked if anyone else was inside the
apartment, and appellant replied that 18-year-old K.A. was in the bed.  Officer Brinson asked appellant if he had a
billfold.  Appellant handed Brinson the
billfold.  Inside, Brinson found three
nude photographs of K.A., at the ages of 14, 15, and 17 years old.  After being read the statutory and Miranda warnings and transported to the
police station, appellant admitted to having engaged in sexual relations with
young boys for the past 30 years. 
Specifically, appellant admitted that he had engaged in sexual relations
with K.A. since he had begun living with him at the age of 11 years.  Appellant admitted having taken the photographs
of K.A. during that time.  Appellant also
admitted to having sexual relations with C.S. while he lived with appellant
from the age of 10 years until he finished high school. 

          Appellant was indicted for indecency
with a child and possession of child pornography.  Prior to trial, appellant filed a motion to
suppress the evidence seized from his apartment or the evidence obtained as a
result of the search, including appellant’s own oral statements and the
statements of the two complainants.  Appellant
based his motion on the contention that the search warrant was invalid because
it was not supported by probable cause.  The
trial court denied appellant’s motion to suppress.

Denial of
Motion to Suppress

          In his sole issue on appeal, appellant
contends that the trial court erred by denying his motion to suppress because
the affidavit supporting the search warrant was insufficient as to probable
cause and thus violates the Fourth Amendment to the United States Constitution,
section nine of article one of the Texas Constitution, and articles 18.01 and
18.02 of the Texas Code of Criminal Procedure. 
See U.S. Const. amend. IV; Tex.
Const. art. I, § 9; Tex.
Code Crim. Proc. Ann. arts. 18.01 (West Supp. 2010), 18.02 (West 2005).  Specifically, appellant contends that the
affidavit was not detailed enough to allow a magistrate to determine when the
events occurred and whether the information was stale.[1]

          A.      Standard
of Review

We review a trial court’s ruling on a motion to
suppress under a bifurcated standard of review. 
McKissick v. State, 209 S.W.3d
205, 211 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).  We give almost total deference to the trial
court’s determination of historical facts that depend on credibility, while we
review de novo the trial court’s application of the law to those facts.  Id.  Thus, we review de novo the trial court’s
application of the law of search and seizure and probable cause.  Id.  However, our review of an affidavit in support
of a search warrant is not de novo; rather, great deference is given to the
magistrate’s determination of probable cause. 
Id.

The duty of a reviewing court, including a reviewing
trial court, is simply to ensure that the magistrate had a substantial basis
for concluding that the probable cause existed. 
Illinois v. Gates, 462 U.S.
213, 238–39, 103 S. Ct. 2317, 2332 (1983).  The substantial-basis standard of review
“does not mean the reviewing court should be a rubber stamp but does mean that
the magistrate’s decision should carry the day in doubtful or marginal cases,
even if the reviewing court might reach a different result upon de novo
review.”  Flores v. State, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010)
(quoting W. LaFave, Search and Seizure: A
Treatise on the Fourth Amendment § 11.7(c) at 452 (4th ed. 2004 &
Supp. 2009–2010)).

B.      Applicable Law

No search warrant may issue unless supported by an
affidavit setting forth substantial facts establishing probable cause for its
issuance.  Tex. Code Crim. Proc. Ann. arts. 1.06, 18.01(b) (West 2005
& Supp. 2009).  “Probable cause to
support the issuance of a search warrant exists where the facts submitted to
the magistrate are sufficient to justify a conclusion that the object of the
search is probably on the premises to be searched at the time the warrant is
issued.”  Davis v. State, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006).  In reviewing the affidavit supporting the
warrant, an appellate court is limited to the “four corners” of the affidavit.  Id.;
Jones v. State, 833 S.W.2d 118, 123
(Tex. Crim. App. 1992).  The supporting
affidavit is interpreted in a commonsensical and realistic manner, drawing all
reasonable interferences.  Davis, 202 S.W.3d at 154; Jones, 833 S.W.2d at 123–24.  Probable cause ceases to exist if at the time
the search warrant is issued, it would be unreasonable to presume the items
remain at the suspected place.  Rowell v. State, 14 S.W.3d 806, 809
(Tex. App.—Houston [1st Dist.] 2000), aff’d, 66 S.W.3d 279 (Tex. Crim. App. 2001) (citing Guerra v. State, 860 S.W.2d 609, 611
(Tex. App.—Corpus Christi 1993, pet. ref’d)). 
“The proper method to determine whether the facts supporting a search
warrant have become stale is to examine, in light of the type of criminal
activity involved, the time elapsing between the occurrence of the events set
out in the affidavit and the time the search warrant was issued.”  Id.
(citing Hafford v. State, 989 S.W.2d
439, 440 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d); Guerra, 860 S.W.2d at 611). 
“When the affidavit recites facts indicating activity of a protracted
and continuous nature, i.e., a course of conduct, the passage of time becomes
less significant.”  Id. (Lockett v. State,
879 S.W.2d 184, 189 (Tex. App.—Houston [14th Dist.] 1994, pet. ref’d)).  The lack of a specific date in a
search-warrant affidavit is not necessarily fatal to the validity of a search
warrant.  Jones v. State, 338 S.W.3d 725, 735–38 (Tex. App.—Houston [1st Dist.] 2011, pet.
filed).

          C.      Analysis

          Appellant contends that a reader of
the affidavit supporting the search warrant cannot discern when Thumann filed
his initial report with the Pasadena Police Department, when Officer Brinson
was assigned to the case, when Officer Brinson interviewed Thumann, or when
Officer Brinson interviewed Broderick.  Although
the affidavit omits the specific dates of these events, it contains references
to time.  Appellant contends, however,
that the affidavit lacks a frame of reference that one would need to interpret
these time references.  We disagree.

          The affidavit establishes that both
Thumann and Broderick stated that appellant was currently living with an
18-year-old male, named K.A.  Appellant
contends that the word “currently” is meaningless because the affidavit fails
to specify when Thumann and Broderick made these statements to Officer Brinson.  The affidavit, however, also establishes that
K.A. was born in April 1990.  Thus,
Thumann and Broderick must have made these statements during or after April
2008, when K.A. attained 18 years of age.[2]
  

          The affidavit also provides:

Mr. Broderick stated in his statement that
approximately 5 months ago that [sic] that [appellant] pulled out a Polaroid
picture out [sic] of his wallet and showed it to Mr. Broderick.  Mr. Broderick stated that it was a picture of
a young male approximately 15 years of age, that [sic] was naked.

 

Appellant
contends the phrase “approximately 5 months ago” is meaningless because the
affidavit fails to specify when Broderick made this statement.  However, K.A.’s date of birth, which the
affidavit reflects as April 1990, establishes that Broderick made this
statement during or after April 2008. 
Moreover, Officer Brinson also stated in his affidavit, “Based on the
forgoing information, I have reason to believe and do believe that [appellant]
on or about August 1, 2008 did commit the felony offense, including Possession
/ Promotion of Child Pornography.” 
August 1 was almost six months before the signing of the affidavit.  The magistrate could have reasonably
concluded that appellant showed Broderick the nude photograph of K.A. around August
1.  Accordingly, Broderick must have made
this statement during or after August 2008.

          The affidavit also provides expert
testimony that persons sexually attracted to children tend to collect sexually
explicit photographs of children, treating the photographs as prized
possessions, of which they rarely dispose. 
The affidavit further states that such persons specifically collect
photographs of children whom they have been with and that they often keep such
photographs in their wallets.  Appellant,
however, contends that the affidavit fails to link this information to him.  We disagree. 
Both Thumann and Broderick stated that on separate occasions several
years before, each had personally observed that appellant possessed, in his
residence, nude photographs of young boys with whom he had had sexual
relations.  In addition, Broderick
reported that he knew of at least 10 other young boys that appellant had
sexually abused in his home.  Moreover,
as recently as five to six months prior to the execution of the search warrant,
appellant had shown Broderick a photograph from his wallet of a nude 15-year-old
boy.  Because we read the affidavit, signed
in early January 2009, in a commonsensical and realistic manner, drawing all
reasonable inferences, we conclude that the magistrate could have reasonably
concluded that appellant continued to be in possession of child
pornography.  See Flores, 319 S.W.3d at
703 (holding anonymous tip regarding “narcotic activity” on unspecified date
was sufficient when considering all circumstances); McKissick, 209 S.W.3d at 215 (magistrate could have reasonably
inferred that illegal activity described in affidavit,
possession of child pornography, was of continuous and protracted nature making
the passage of time less relevant); Morris
v. State, 62 S.W.3d 817, 823 (Tex. App.—Waco 2001, no pet.) (where
affidavit indicates activity of continuous nature, magistrate could have
reasonably inferred that appellant had pornography in his possession for
substantial period of time, i.e., one-and-a-half years); Burke v. State, 27 S.W.3d 651, 655–56 (Tex. App.—Waco 2000, pet.
ref’d) (evidence of child pornography one year prior to issuance was not
stale).

          We hold that the trial court did not
err by denying appellant’s motion to suppress because the affidavit supporting
the search warrant contained evidence that appellant continued to be in
possession of child pornography at the time the search warrant was issued and
executed. 

          We overrule appellant’s sole issue.

Conclusion

          We
affirm the judgment of the trial court.

 

                                                                   

 

                                                                   Laura
Carter Higley

                                                                   Justice

 

Panel consists of
Justices Keyes, Higley, and Bland.

 

Justice Keyes
dissenting.

 

Publish.  Tex.
R. App. P. 47.2(b).











[1]           The
dissenting opinion faults the search-warrant affidavit for being based on
hearsay.  However, appellant does not
challenge the sufficiency of the affidavit on that ground.





[2]           During
the punishment phase of trial, Officer Brinson testified that Thumann filed his
initial report on December 27, 2008.