COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| HECTOR ESCARZAGA, | § | No. 08-08-00297-CR |
| | § | |
| Appellant, | § | Appeal from |
| | § | |
| v. | § | Criminal District Court No. 1 |
| | § | |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC # 20070D02964) |
| | § | |

## O P I N I O N

Hector Escarzaga appeals his convictions for delivery of less than one gram of cocaine (Counts I through IV) and possession of more than 400 grams of cocaine with intent to deliver (Count V). Appellant waived his right to a jury trial and entered a negotiated plea of guilty to all five counts. The trial court found Appellant guilty of each count and assessed his punishment for Counts I through IV at two years' confinement in the state jail. The court assessed punishment for Count V at imprisonment for eighteen years. For the reasons that follow, we affirm.

### FACTUAL SUMMARY

On July 18, 2007, a grand jury returned a five-count indictment against Appellant. Counts I through IV alleged that Appellant delivered less than one gram of cocaine to Omar Lujan with Count I occurring on May 21, 2007 and Count IV occurring June 19, 2007. Count V alleged that Appellant possessed with intent to deliver more than 400 grams of cocaine on June 22, 2007. Appellant filed a motion to suppress the evidence seized during execution of a search warrant, but on the date set for the pretrial hearing, the State and defense counsel engaged in plea negotiations and Appellant waived the evidentiary hearing on the motion. Appellant signed a written waiver of

the evidentiary hearing and he also appeared in open court and acknowledged his waiver. Finding that the waiver was freely and voluntarily made, the trial court approved it. Based on the parties' representations, the court set the case for a guilty plea a few days later. At the scheduled guilty plea, Appellant's attorney informed the court that Appellant had changed his mind and did not wish to plead guilty. Appellant's attorney also stated that he would be filing a motion to withdraw because Appellant wished to retain a different attorney. The trial court advised Appellant his case was set for trial. The court subsequently granted counsel's motion to withdraw and Appellant hired attorney James Lucas. Appellant then filed a motion to reinstate the evidentiary hearing on the motion to suppress on the ground that his waiver was not voluntary. Following a hearing, the trial court denied Appellant's motion for an evidentiary hearing on his motion to suppress. Further, the court determined that it would limit its consideration to the motions, the relevant law, and the four corners of the search warrant affidavit. The trial court subsequently denied Appellant's motion to suppress. Appellant waived his right to a jury trial and entered a negotiated plea of guilty to all five counts. The trial court found Appellant guilty of each count and assessed his punishment in accordance with the plea agreement: two years confinement in the state jail on Counts I through IV, and imprisonment for eighteen years on Count V.

## MOTION TO SUPPRESS

In his first and second issues, Appellant argues the trial court erred by denying his motion to suppress based on Article I, Section 9 of the Texas Constitution and the Fourth Amendment to the United States Constitution because the affidavit does not establish probable cause to believe cocaine would be found at Appellant's residence.

### Texas Constitution

Rule 33.1 requires that a party preserve error for review by making a timely and specific

objection, motion, or request in the trial court. TEX.R.APP.P. 33.1(a). When a party relies on both the Texas and United States Constititutions as authority for an objection, motion, or request, the party must, in order to preserve error based on the Texas Constitution, make the trial court aware that he is arguing the Texas Constitution provides greater protection than the federal constitution. *Pena v. State*, 285 S.W.3d 459, 463-66 (Tex.Crim.App. 2009). Appellant did not make such an argument in the trial court. Consequently, he has waived his complaint based on Article I, § 9. *Id.*

Even if Appellant preserved his state constitional claim in the trial court, he did not adequately brief the Article I, § 9 issue. State and federal constitutional claims should be argued in separate grounds, with separate substantive analysis or argument provided for each ground. *Muniz v. State*, 851 S.W.2d 238, 251-52 (Tex.Crim.App. 1993); *Heitman v. State*, 815 S.W.2d 681, 690-91 n.23 (Tex.Crim.App. 1991). Appellant has placed the state and federal constitutional arguments in separate issues on appeal, but his brief does not contain any argument or authority related to the protection provided by Article I, § 9 nor does he explain how that protection differs from the protection provided by the Fourth Amendment. Because Appellant has inadequately briefed the Article I, § 9 issue, nothing is presented for our review in connection. *See Muniz*, 851 S.W.2d at 251-52; TEX.R.APP.P. 38.1(i). Issue One is overruled.

*Fourth Amendment*

No search warrant shall issue in Texas unless sufficient facts are presented through a sworn affidavit to satisfy the issuing magistrate that probable cause exists for its issuance. TEX.CODE CRIM.PROC.ANN. art. 18.01(b)(Vernon Supp. 2009). The facts must illustrate: (1) that a specific offense has been committed, (2) that the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and (3) that the property or items constituting evidence to be searched for

or seized are located at or on the particular person, place, or thing to be searched. TEX.CODE CRIM.PROC.ANN. art. 18.01(c). Whether the facts stated in the affidavit are adequate to establish probable cause depends on the "totality of circumstances." *Ramos v. State*, 934 S.W.2d 358, 362-63 (Tex.Crim.App. 1996). The magistrate must have sufficient facts upon which to conclude that there is a fair probability (not an actual showing) that contraband or evidence of a crime will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). We examine only the four corners of the affidavit to determine whether probable cause exists for issuance of a warrant. *Hankins v. State*, 132 S.W.3d 380, 388 (Tex.Crim.App. 2004). The affidavit must be interpreted in a common-sense, realistic manner, and the magistrate may draw reasonable inferences from facts and circumstances alleged in the affidavit. *Rodriguez v. State*, 232 S.W.3d 55, 61 (Tex.Crim.App. 2007); *Belton v. State*, 900 S.W.2d 886, 893-94 (Tex.App.--El Paso 1995, pet. ref'd). The reviewing court should accord those inferences and the magistrate's probable cause determination great deference. *See Swearingen v. State*, 143 S.W.3d 808, 811 (Tex.Crim.App. 2004)(noting that search warrants are subject to deferential standard of review).[1] Reviewing courts should not invalidate search warrants by interpreting affidavits in a hypertechnical manner. *Gates*, 462 U.S. at 236, 103 S.Ct. at 2331. If the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more, and the affidavit should be deemed sufficient. *Gates*, 462 U.S. at 236, 103 S.Ct. at 2331.

---

[1] In the past, we have noted that search warrants are subject to *de novo* review while at the same time correctly stating the magistrate's probable cause determination must be accorded deference. *See e.g., State v. Five Thousand Five Hundred Dollars in U.S. Currency*, 296 S.W.3d 696, 704 (Tex.App.--El Paso 2009, no pet.); *see also Swearingen*, 143 S.W.3d at 810 (noting confusion among appellate courts). *Gates*, however, makes clear that "after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of *de novo* review." *Gates*, 462 U.S. at 234-37, 103 S.Ct. at 2330-32; *see Swearingen*, 143 S.W.3d at 810. The deference paid to the magistrate's probable cause determination is based on "the Fourth Amendment's strong preference for searches conducted pursuant to a warrant." *Id.*

The search warrant affiant, Detective Omar Lujan, is a narcotics detective assigned to the Narcotics Division of the El Paso Police Department. In May 2007, a confidential informant provided information to Lujan that Appellant was trafficking cocaine and storing it at his residence in El Paso. Lujan began surveillance of the residence and Appellant. He observed Appellant on multiple occasions drive a short distance from the residence, meet briefly with different persons at varied locations, and then return to the residence. Based on his experience, Lujan concluded that these activities were consistent with narcotics trafficking. Lujan called Appellant on four occasions and ordered a quantity of cocaine. On three of these occasions, surveillance units watched Appellant proceed directly from his residence to the pre-arranged "buy" location and meet with Lujan to deliver the cocaine. Lujan also stated in the affidavit that Appellant had been seen with a plastic bag on his person containing additional baggies of suspected cocaine. Based on the surveillance and his experience, Lujan believed that Appellant was storing additional cocaine at the residence. Finally, Lujan had met with Appellant within seventy-two hours of the date of the affidavit and he had observed Appellant in possession of a quantity of cocaine packaged for distribution.

Appellant argues that the information contained in the affidavit is stale because Lujan does not indicate the dates on which the cocaine buys took place. To justify a magistrate's finding that an affidavit is sufficient to establish probable cause to issue a search warrant, the facts set out in the affidavit must not have become "stale" when the magistrate issues the search warrant. *McKissick v. State*, 209 S.W.3d 205, 214 (Tex.App.--Houston [1st Dist.] 2006, pet. ref'd); *Serrano v. State*, 123 S.W.3d 53, 60 (Tex.App.--Austin 2003, pet. ref'd). Probable cause ceases to exist when, at the time the search warrant is issued, it would be unreasonable to presume the items remain at the suspected place. *McKissick*, 209 S.W.3d at 214. The proper method to determine whether the facts supporting a search warrant have become stale is to examine, in light of the type of criminal activity involved,

the time elapsing between the occurrence of the events set out in the affidavit and the time the search warrant was issued. *Id.*; *Guerra v. State*, 860 S.W.2d 609, 611 (Tex.App.--Corpus Christi 1993, pet. ref'd). The amount of delay that will make information stale depends upon the particular facts of the case, including the nature of criminal activity and the type of evidence sought; a mechanical counting of days should not prevail over common sense and reasonableness. *Barrow v. State*, No. 08-00-00449-CR, 2002 WL 125602 at *3 (Tex.App.--El Paso, Jan. 31, 2002, no pet.); *Ellis v. State*, 722 S.W.2d 192, 196 (Tex.App.--Dallas 1982, pet. ref'd). When the affidavit mentions facts indicating activity of a protracted and continuous nature, the passage of time becomes less significant. *Rowell v. State*, 14 S.W.3d 806, 809 (Tex.App.--Houston [1st Dist.] 2000), *aff'd*, 66 S.W.3d 279 (Tex.Crim.App. 2001).

The criminal activity involved in this case is narcotics trafficking which is known to be of a protracted and continuous nature. *See Barrow*, 2002 WL 125602 at *3. According to the affidavit, the confidential informant provided information to Lujan about Appellant in May 2007. Appellant is correct that the affidavit does not relate the exact dates of purchase, but Lujan made the affidavit on June 20, 2007 and the warrant was issued the same day. Thus, the three purchases occurred sometime between May 2007 and June 20, 2007. Further, Lujan stated that he had seen Appellant in possession of cocaine within seventy-two hours of the time he made the affidavit. Based on the nature of the criminal activity in this case and the facts set forth in the affidavit, it was reasonable for the magistrate to conclude that the cocaine could still be found at the residence.

In the remainder of his argument, Appellant goes through each section of the affidavit and dissects the various statements. For example, Appellant asserts that the affidavit is deficient because it does not establish the confidential informant's reliability and veracity. He also alleges that Lujan's initial surveillance of Appellant's activities is of little value because it is nothing more than

suspicious behavior. He also faults the affidavit for not affirmatively stating that Appellant delivered cocaine to Lujan on the three occasions set forth in the affidavit. It is true that the affidavit does not set forth the reliability of the confidential informant and the affidavit is not as clear as it likely would be if written by a legal scholar. But the critical issue under *Gates* is whether is whether the affidavit presented the magistrate with facts from which he could make an informed and independent judgment as to whether probable cause existed and whether there was a substantial basis for the magistrate's finding of probable cause. *See Janecka v. State*, 739 S.W.2d 813, 825 (Tex.Crim.App. 1987). While the confidential informant's tip and Lujan's initial surveillance would not have established probable cause, the magistrate could certainly consider this information in combination with the remainder of the affidavit under the totality of the circumstances. We conclude that the combined force of the confidential informant's tip, the initial surveillance, Lujan's four undercover buys of cocaine occurring sometime between May 2007 and June 20, 2007, and additional police surveillance of Appellant leaving his residence and going to directly to the pre-arranged location for three of the buys, are sufficient to establish probable cause to believe Appellant had cocaine at his residence. *See Carrillo v. State*, 98 S.W.3d 789, 792 (Tex.App.--Amarillo 2003, pet. ref'd)(there was probable cause to believe cocaine was located at defendant's residence where affiant set up a drug buy from the defendant, defendant made a phone call, entered and exited residence, and proceeded directly back to location of affiant, and delivered cocaine). Issue Two is overruled.

## INEFFECTIVE ASSISTANCE

In Issue Three, Appellant contends he was denied the effective assistance of counsel at trial because trial counsel waived his right to an evidentiary hearing on his motion to suppress. The standard for determining claims of ineffective assistance under the Sixth Amendment is the two-step analysis adopted by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104

S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex.Crim.App. 1999). Under the first prong, the defendant must show that counsel's performance was deficient to the extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994). Under the second prong, the defendant must establish that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Jackson*, 877 S.W.2d at 771. Prejudice is established by a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698; *Jackson*, 877 S.W.2d at 771. This two-pronged test is used to judge whether counsel's conduct so compromised the proper functioning of the adversarial process that the trial produced unreliable results. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App. 2001).

Appellate review of defense counsel's performance is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance. *Mallett*, 65 S.W.3d at 63; *Tong v. State*, 25 S.W.3d 707, 712 (Tex.Crim.App. 2000). The burden to overcome that presumption falls on the appellant. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Any allegation of ineffectiveness must be "firmly founded" in the record. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex.Crim.App. 2005). To defeat the presumption of reasonable professional assistance, the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex.Crim.App. 1999). In the majority of instances, the record on direct appeal is undeveloped and will not sufficiently show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App.

2002). We cannot speculate that no plausible professional reason exists for a specific act or omission. *Id*. at 836. If the record is silent as to the facts, circumstances, and rationale behind an attorney's particular course of action, we are compelled to find that the defendant did not rebut the presumption that it was a reasonable one. *See Thompson*, 9 S.W.3d at 814.

The record before us is silent as to trial counsel's reasons for waiving the evidentiary hearing on the motion to suppress. Appellant did not present the testimony of his former trial counsel during the hearing on his motion for an evidentiary hearing on his motion to suppress. Further, Appellant filed a motion for new trial, but he did not raise the issue of ineffective assistance of counsel. While we are not required to speculate about the reasons for counsel's course of action, appellate counsel offered one reason during a hearing in the trial court. He noted that prosecutors, as part of plea negotiations, sometimes requested that defense counsel drop certain issues in exchange for a reduction in the sentence recommendation. We conclude Appellant has failed to rebut the presumption that his attorney's course of action was a reasonable one. Issue Three is overruled.

## DENIAL OF EVIDENTIARY HEARING

In Issues Four and Five, Appellant argues that he did not voluntarily waive the evidentiary hearing on his motion to suppress, and therefore, the trial court deprived him of his Sixth Amendment right to confront and cross-examine his accusers by not providing him with an evidentiary hearing. Appellant also contends that the trial court's denial of an evidentiary hearing deprived him of the effective assistance of counsel.

In his motion to reinstate the evidentiary hearing, Appellant asserted that the affidavit supporting the search warrant is defective because it fails to establish probable cause to believe contraband would be found in the residence. Review of this type of challenge to a motion to suppress is limited to an examination of the four corners of the affidavit. *See Hankins*, 132 S.W.3d

at 388. But at the beginning of the hearing on his motion to reinstate, Appellant's counsel announced "not ready" and requested additional time to prepare because the original motion to suppress filed by prior counsel raised a *Franks v. Delaware*[2] issue. The trial court informed counsel that if he wished to introduce evidence relevant to the motion to set aside Appellant's waiver of an evidentiary hearing, it was time to do so. The hearing proceeded and both Appellant and his sister testified in support of the motion. Appellant testified that he had found some inaccuracies in the search warrant affidavit. First, the warrant mistakenly reflected that his brother and another person they did not know lived at the residence. Second, the affidavit erroneously stated Appellant "had an assault". At the conclusion of the hearing, defense counsel pointed out that the motion to suppress filed by Appellant's former counsel was based on several grounds including an assertion that the warrant contained falsehoods. He made these observations in support of his claim that former counsel's waiver of the evidentiary hearing constituted ineffective assistance. Counsel did not argue that Appellant was entitled to an evidentiary hearing based on *Franks*. The trial court denied Appellant's request for an evidentiary hearing.

The initial matter to be determined is whether Appellant was entitled to a hearing on his motion to suppress. If he was not, that ends the inquiry. Article 28.01 authorizes a trial court to set any criminal case for a pretrial hearing on certain issues, including a motion to suppress, before the case is set for trial on the merits. TEX.CODE CRIM.PROC.ANN. art. 28.01, § 1(6)(Vernon 2006). When a hearing on a motion to suppress is granted, the court may determine the merits of the motion on the motions themselves, or upon opposing affidavits, or upon oral testimony, subject to the trial court's discretion. TEX.CODE CRIM.PROC.ANN. art. 28.01, § 1(6).

Appellant was not entitled to an evidentiary hearing on his motion to suppress based on his

---

[2] *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

allegation that the search warrant affidavit failed to state probable cause because the trial court's review was limited to the four corners of the document. *See Hankins*, 132 S.W.3d at 388. But when the defendant files a motion to suppress based on *Franks v. Delaware*, he may be entitled to a hearing provided he makes the required showing. In *Franks*, the United States Supreme Court held that where the defendant makes a substantial preliminary showing that the affiant intentionally, knowingly, or with reckless disregard for the truth included a false statement in the search warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. *Franks*, 438 U.S. 154, 171-72, 98 S.Ct. 2674, 2684-85, 57 L.Ed.2d 667 (1978).

Appellant identified two alleged falsehoods in the affidavit. First, the affidavit identifies four suspected parties, Appellant, Eddie Escarzaga, Miguel Escarzaga, and Marcos Moises Galvan, and alleges they are in charge of or have control of the the residence ("said suspected place"). Appellant testified that his brother did not live at the residence and he did not know one of the other suspected parties.[3] The statement in the warrant that persons other than Appellant were also in control of the residence was not necessary to a finding of probable cause. Second, Detective Lujan asserted in the affidavit that Appellant had a prior arrest for assault. This statement was not included in the affidavit to establish probable cause but to support Lujan's request that the warrant be issued without requiring a knock on the door.[4] Because the alleged mistakes in the warrant were not necessary to

---

[3] Appellant did not identify which of the three men was his brother or which man he did not know at all.

[4] Police officers entering a dwelling generally must announce their presence and provide residents an opportunity to open the door, and this knock-and-announce requirement is a command of the Fourth Amendment. *Hudson v. Michigan*, 547 U.S. 586, 589, 126 S.Ct. 2159, 2162, 165 L.Ed.2d 56 (2006). However, police officers need not knock and announce when circumstances present a threat of physical violence, there is a reason to believe that evidence would likely be destroyed if advance notice were given, or if knocking and announcing would be futile. *Id.*, 547 U.S. at 589-90, 126 S.Ct. at 2162-63.

the probable cause finding, Appellant was not entitled to a *Franks* hearing on his motion to suppress. There are no other grounds which would have supported Appellant's request for a hearing on his motion to suppress. Consequently, the trial court's denial of an evidentiary hearing did not violate Appellant's right to confrontation or his right to the effective assistance of counsel. We overrule Issues Four and Five and affirm the judgment of the trial court.

August 4, 2010

_____
ANN CRAWFORD McCLURE, Justice

Before McClure, J., Rivera, J., and Guaderrama, Judge
Guaderrama, Judge, sitting by assignment

(Do Not Publish)