**Opinion filed October 13, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00129-CR

_____

## ABDON AGUINAGA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause No. CR04537**

## O P I N I O N

Appellant, Abdon Aguinaga, was indicted for the first-degree felony offense of possession with intent to deliver a controlled substance—namely, methamphetamine—in the amount of four grams or more but less than two hundred grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West 2017). Appellant later moved to suppress evidence obtained during the search of his residence, asserting that the search warrant obtained by law enforcement was not supported by probable cause. After the trial court denied his motion to suppress,

Appellant pleaded guilty to the indicted offense but reserved his right to appeal the trial court's suppression ruling.

Appellant thereafter proceeded to trial on punishment only. The jury, after considering the punishment evidence, assessed Appellant's punishment at imprisonment for sixteen years in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000. The trial court sentenced Appellant accordingly. In two issues, Appellant challenges the trial court's denial of his motion to suppress. We affirm.

## I. *Procedural Background*

On July 21, 2020, Billy Bloom, an investigator for the District Attorney's Office of the 220th Judicial District, signed a search warrant affidavit that was intended to accompany a warrant for the search of Appellant's residence. In the affidavit, Investigator Bloom stated that he had extensive training and experience in investigating offenses that involved the possession, distribution, and trafficking of illegal drugs and other narcotics. The affidavit further stated, among other things, that (1) Appellant was the subject of "an on-going investigation concerning methamphetamine trafficking within the Comanche County area" and (2) Appellant possessed and had used a cellphone to coordinate methamphetamine trafficking from his residence.

The substance of Investigator Bloom's affidavit was based, in part, on information obtained from a reliable confidential informant, who had been present at Appellant's residence while Appellant used his cellphone on numerous occasions to engage in methamphetamine trafficking, "most recently within the past fourteen" days. The purpose and intent of Investigator Bloom's warrant request was to search Appellant's residence for any cellphones, telephonic devices, electronic communications and storage devices, and drug paraphernalia possessed by Appellant at his residence. The magistrate approved the warrant request and issued

2

the search warrant later that day. Following the subsequent execution of the warrant and resulting search of his residence and based on the evidence that was seized during the search, Appellant was indicted for possession with intent to deliver a controlled substance, namely methamphetamine.

Appellant filed a motion to suppress evidence and globally asserted that the search warrant was issued without probable cause in violation of his constitutional and statutory rights. During the hearing on the motion, Appellant's trial counsel argued, exclusively, that the warrant affidavit could not support probable cause because the information recited in the affidavit was "stale" when law enforcement applied for the warrant. In response to a question posed by the trial court, Appellant's trial counsel confirmed that the staleness argument he was advancing was "limited to the staleness associated with" the following paragraph in the affidavit:

> This same confidential informant advised your affiant [that] this same confidential informant has observed [Appellant] use his cellular telephone to conduct methamphetamine trafficking from [Appellant's residence] on numerous occasions, most recently within the past fourteen (14) days.

Appellant's trial counsel asserted that "fourteen days" amounted to "two weeks, half a month, [a] fortnight" and, thus, the affidavit was not specific in regard to when the confidential informant had seen Appellant using his cellphone to engage in methamphetamine transactions. After considering the arguments presented, the trial court denied Appellant's motion to suppress.

Appellant raises two issues on appeal. First, Appellant contends that the trial court erred when it denied Appellant's motion to suppress because the information recited by Investigator Bloom in the warrant affidavit was "stale" and consisted of conclusory statements that did not constitute probable cause for the issuance of the search warrant. Second, Appellant contends that because the warrant affidavit did not include or specify a search for *methamphetamine* at Appellant's residence, the

3

drugs that were seized from his residence as a result of the search should have been (1) severed from the warrant and (2) inadmissible against Appellant at his trial.

## II. *Standard of Review*

Ordinarily, we review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Brodnex v. State*, 485 S.W.3d 432, 436 (Tex. Crim. App. 2016); *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013); *Martinez v. State*, 348 S.W.3d 919, 922–23 (Tex. Crim. App. 2011). We afford almost total deference to the trial court's determination of historical facts, especially when a trial court's fact findings are based on an evaluation of credibility and demeanor. *Brodnex*, 485 S.W.3d at 436; *Derichsweiler v. State*, 348 S.W.3d 906, 913 (Tex. Crim. App. 2011); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

The trial court's determination of pure questions of law, the application of the law to established facts, and the legal significance of those facts are reviewed de novo. *Lerma v. State*, 543 S.W.3d 184, 190 (Tex. Crim. App. 2018); *Wade v. State*, 422 S.W.3d 661, 667 (Tex. Crim. App. 2013); *Derichsweiler*, 348 S.W.3d at 913; *Kothe v. State*, 152 S.W.3d 54, 62 (Tex. Crim. App. 2004) (citing *United States v. Sharpe*, 470 U.S. 675, 682 (1985)). We also review de novo mixed questions of law and fact that are not dependent upon credibility determinations. *Brodnex*, 485 S.W.3d at 436; *Derichsweiler*, 348 S.W.3d at 913 (citing *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007)).

When the issue to be determined by the trial court concerns the existence of probable cause to support the issuance of a search warrant, there are no credibility or factual determinations for the trial court to make. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). Rather, the trial court's probable cause determination is restricted to the four corners of the warrant affidavit. *Id.*; *see also Bonds v. State*, 403 S.W.3d 867, 873 (Tex. Crim. App. 2013). Therefore, when we

review a trial court's ruling on a motion to suppress that concerns a magistrate's decision to issue a search warrant, we are highly deferential to the magistrate's decision because of the constitutional preference that searches be conducted pursuant to a warrant. *Bonds*, 403 S.W.3d at 873 (citing *Swearingen v. State*, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004)); *McLain*, 337 S.W.3d at 271.

In our review, we do not analyze the warrant affidavit in a hyper-technical manner. *Rodriguez v. State*, 232 S.W.3d 55, 59 (Tex. Crim. App. 2007). Instead, we analyze the affidavit in a commonsense and realistic manner because we recognize that the magistrate may draw reasonable inferences in its determination of the affidavit's sufficiency. *Id.* at 61. If doubt exists, we defer to all reasonable inferences that the magistrate could have made. *Id.*; *see also State v. Duarte*, 389 S.W.3d 349, 354–55 (Tex. Crim. App. 2012). Thus, we uphold the magistrate's probable cause determination if it had a substantial basis to conclude that probable cause existed to issue the warrant. *State v. Jordan*, 342 S.W.3d 565, 569 (Tex. Crim. App. 2011); *McLain*, 337 S.W.3d at 271.

### III. *Analysis*

In his first issue, Appellant asserts that the trial court erred when it denied his motion to suppress because the information recited in the warrant affidavit did not support probable cause. Specifically, he argues that the information in the affidavit (1) was "stale" and (2) consisted of conclusory statements. However, because Appellant did not raise or present the latter ground to the trial court in either his written motion or at the suppression hearing, Appellant has failed to preserve this argument for our review. *See* TEX. R. APP. P. 33.1. Thus, we limit our review of Appellant's first issue—that the affidavit was insufficient to support probable cause—to his staleness argument.

A warrant affidavit must allege sufficient facts that establish probable cause to believe that the items or property to be seized will be found at the location

identified in the affidavit. *Massey v. State*, 933 S.W.3d 141, 148 (Tex. Crim. App. 1996). A search warrant shall not be issued unless sufficient facts have been presented to the magistrate that probable cause exists for its issuance. *See* TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West Supp. 2021). Probable cause exists when, based on the totality of the circumstances, there is a "fair probability" that contraband or evidence of criminal activity will be found at the location specified in the warrant affidavit. *Rodriguez*, 232 S.W.3d at 60 (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). Because the probable cause standard is a flexible one, the information submitted to the magistrate must only be sufficient to justify the magistrate's conclusion that, at the time the warrant is issued, the item or property that is the subject of the search is *probably* at the premises to be searched. *Massey*, 933 S.W.2d at 148.

To justify a magistrate's finding that a warrant affidavit is sufficient to establish probable cause to support the issuance of a search warrant, the information set out in the affidavit must not have become "stale" at the time the magistrate issued the warrant. *Ex parte Jones*, 473 S.W.3d 850, 856 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd); *State v. Dugas*, 296 S.W.3d 112, 116 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd); *Rowell v. State*, 14 S.W.3d 806, 809 (Tex. App.—Houston [1st Dist.] 2000) (citing *Hafford v. State*, 989 S.W.2d 439, 440 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd)), *aff'd*, 66 S.W.3d 279 (Tex. Crim. App. 2001). Information set out in an affidavit becomes "stale"—and probable cause ceases to exist—if, at the time the search warrant is issued, it would be unreasonable to presume that the items or property to be seized are present and remain at the suspected place. *Ex parte Jones*, 473 S.W.3d at 856; *Dugas*, 296 S.W.3d at 116; *Rowell*, 14 S.W.3d at 809 (citing *Guerra v. State*, 860 S.W.2d 609, 611 (Tex. App.—Corpus Christi–Edinburg 1993, pet. ref'd)).

In determining whether the information supporting a search warrant request has become "stale," we examine the temporal proximity between the occurrence of the events set out in the affidavit and the issuance of the search warrant. *Ex parte Jones*, 473 S.W.3d at 856; *Rowell*, 14 S.W.3d at 809 (citing *Hafford*, 989 S.W.2d at 440; *Guerra*, 860 S.W.2d at 611). That is, in light of the type of criminal activity involved, we review the period of time that elapsed from when the events set out in the affidavit actually occurred until when the search warrant was issued.

We are unaware of a circumstance in which a fixed or defined time period must elapse before the facts recited in a probable cause affidavit become "stale." Indeed, the significance of the "delay or passage of time" that could render the affidavit information "stale" is dependent on the particular facts of the case, the nature of the criminal activity being investigated, and the type of evidence that is to be searched for and possibly seized. *Crider v. State*, 352 S.W.3d 704, 707 (Tex. Crim. App. 2011); *Lockett v. State*, 879 S.W.2d 184, 189 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd). Nevertheless, if the warrant affidavit recites facts that indicate law enforcement is involved in a protracted, continuing, and "ongoing investigation," as they were in this case, the need to show that the events upon which probable cause is based had occurred within a certain or immediate time period before the warrant affidavit was signed is diminished—the "delay or passage of time" becomes less significant. *See Jones v. State*, 364 S.W.3d 854, 856, 860–81 (Tex. Crim. App. 2012); *Kelly v. State*, 529 S.W.3d 504, 508 (Tex. App.—Texarkana 2017, no pet.); *Ex parte Jones*, 473 S.W.3d at 856; *State v. Cotter*, 360 S.W.3d 647, 653–54 (Tex. App.—Amarillo 2012, no pet.); *Lockett*, 879 S.W.2d at 189. As such, because the passage of time in an "ongoing investigation" scenario is diminished and of less significance, the "ongoing" nature of law enforcement's investigation into Appellant's alleged criminal activities dilutes, if not defeats, Appellant's staleness argument.

7

Based on the record before us, we are not persuaded by Appellant's argument that the information contained in Investigator Bloom's affidavit was "stale" at the time the magistrate issued the search warrant. The magistrate issued the search warrant on the same day that Investigator Bloom signed his affidavit. The affidavit stated that a reliable confidential informant had, "on numerous occasions," observed Appellant use his cellphone to consummate methamphetamine deals from his residence. On the date that Investigator Bloom signed the affidavit, the series of events set out in the affidavit had occurred sometime "*within* the past fourteen . . . days" (emphasis added). So, when did the confidential informant last observe Appellant use his cellphone to engage in a methamphetamine transaction? Fourteen days before the magistrate issued the search warrant? Ten days? Seven days? Three days? Because of the "ongoing" nature of law enforcement's investigation into the "ongoing" criminal activities that Appellant was alleged to have committed, we hold that the magistrate could have reasonably concluded and inferred that, based on the information provided to him, sufficient probable cause existed to issue the search warrant. Therefore, we defer to the magistrate's determination.

In his brief, Appellant further argues that the affidavit's vague reference "to when drugs were last observed at [his] residence" does not support a reasonable presumption by the magistrate "that drugs and paraphernalia" were likely present or remained there at the time the warrant was issued. However, Appellant's argument ignores that the facts and information set forth in Investigator Bloom's affidavit did not seek or request authorization to search for *drugs* at Appellant's residence. In fact, the staleness argument advanced by Appellant is unique only to situations where *drugs* or other *consumable items* are the subject of the search. *See, e.g.*, *McKissick v. State*, 209 S.W.3d 205, 215 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Unfortunately for Appellant, that is not the situation here. Because the focus

of the warrant and the items identified in the warrant affidavit that were to be searched for and seized consisted of cellphones, telephonic devices, electronic communications and storage devices, and drug paraphernalia—none of which are consumable items—we hold that the magistrate, at the time the warrant was issued, could have reasonably presumed and concluded that the items identified in the affidavit were present and remained at the suspected place, i.e., Appellant's residence. As such, Appellant's staleness argument fails. *See Ryals v. State*, 470 S.W.3d 141, 146 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (information in an affidavit is less likely to become stale if the items or property sought to be seized are not consumable); *Barrett v. State*, 367 S.W.3d 919, 926 (Tex. App.—Amarillo 2012, no pet.) (same); *Cotter*, 360 S.W.3d at 653–54 (same); *Lockett*, 879 S.W.2d at 184 (same).

Moreover, the warrant affidavit provided the magistrate with sufficient information to support his conclusion that criminal activity of a protracted, continuous, and "ongoing nature" was occurring at Appellant's residence and that such activity was not merely an isolated event. Specifically, the affidavit states that Appellant is "the subject of an on-going investigation concerning methamphetamine trafficking in Comanche County." Information, such as this, of "ongoing" criminal activity defeats a claim of staleness. *See State v. Le*, 463 S.W.3d 872, 880 (Tex. Crim. App. 2015); *Jones*, 364 S.W.3d at 861; *Ex parte Jones*, 473 S.W.3d at 856; *Lockett*, 879 S.W.2d at 189. Accordingly, and for the reasons stated above, we overrule Appellant's first issue.

Finally, in his second issue, Appellant asserts that, because the affidavit in support of the search warrant did not specifically request authorization to search for methamphetamine, the methamphetamine found at Appellant's residence during the search should have been severed from the warrant and suppressed. However, Appellant did not raise or present this argument to the trial court in either his written

motion or during the suppression hearing; thus, Appellant failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1. Accordingly, we overrule Appellant's second issue.

## IV. *This Court's Ruling*

We affirm the judgment of the trial court.



W. STACY TROTTER

JUSTICE

October 13, 2022

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.