Opinion issued February 17, 2011

 



In The

Court
of Appeals

For The

First
District of Texas

————————————

NOS.
01-09-00567-CR, 01-09-00568-CR

———————————

Charles D. Thompson, Appellant

V.

The
State of Texas, Appellee



 



 

On
Appeal from the 185th District Court

Harris
County, Texas



Trial Court Case Nos. 1154843, 1154844

 



 

MEMORANDUM OPINION

Appellant, Charles D. Thompson,
appeals a judgment convicting him for possession of between one and four grams of
a controlled substance and for felony possession of a firearm.  See Tex. Health & Safety Code Ann.
§§ 481.002(38), 481.102(3)(d), 481.115(c) (West 2009); Tex. Penal Code Ann. § 46.04(a)
(West Supp. 2009).  In seven issues, appellant contends that the
evidence is legally and factually insufficient to establish the controlled
substance offense and legally insufficient to establish the firearm offense, that
the trial court erred in denying his motion to suppress evidence, and that he
received ineffective assistance of counsel.  We conclude that the evidence is sufficient,
that the trial court did not err in denying appellant’s motion to suppress, and
that counsel’s performance did not fall below an objective standard of
reasonableness.  We affirm.

Background

Houston police officer B.K. Gill obtained a search
warrant for a house suspected to be a center for drug activity.  When his team executed the search warrant,
they found appellant alone in the house, on a bed in one of the bedrooms.  Rachan Austin, the homeowner, was seated
outside in a parked car at the time.  A
bag of Xanax pills was found on the nightstand next to the bed where appellant
was sleeping.  Next to the nightstand was
a child’s rocking chair with eleven small bags of cocaine on it.  The small bags containing cocaine each bore a
picture of a skull and crossbones.  Police
found another bag of cocaine on a shelf in the kitchen.  The amount of cocaine in the eleven small bags
of cocaine found in the bedroom with appellant totaled approximately two grams.  

Upon questioning by Officer Walker, appellant informed
the police that there was a pistol underneath him.  Officer Walker recovered the pistol and found
that it was loaded.  Appellant had been convicted
and incarcerated for a previous felony. 
At the time of the arrest, he had been out of confinement for about four
years. 

In two separate indictments, the State charged appellant
with two felony offenses: possession of one to four grams of cocaine and felon
in possession of a firearm.  The two cases
were tried together.  Prior to trial, appellant
filed a written motion to suppress the cocaine, the pills, and the pistol on
the ground that the affidavit upon which the search warrant relied did not
provide probable cause.  The motion was
carried with the trial.  The trial court
found probable cause and denied appellant’s motion to suppress.  

Appellant also filed a pretrial motion to sever the proceedings
for the two offenses, but the motion erroneously cited to article 36.09 of the
Code of Criminal Procedure, which governs severance of defendants, instead of properly
citing to section 3.04 of the Penal Code, which governs severance of offenses.[1]  The record contains no ruling on this motion,
nor does it appear that appellant’s trial counsel presented the issue to the
trial court.

At trial, appellant’s aunt testified that the gun
belonged to her and that she brought it to the house earlier that morning for
safekeeping.  She stated that she placed
the gun between the mattress pad and mattress, and that appellant had no
knowledge of either her actions or the presence of the gun.

The jury found appellant guilty of the controlled
substance offense and the firearm offense and also found true the punishment
enhancement paragraphs for both offenses. 
The jury assessed punishment of sixty-one years in prison on the
controlled substance offence.[2]  The jury also assessed punishment of twenty
years in prison on the firearm offense.[3]  The trial court ordered the sentences to run
concurrently.

Sufficiency of the Evidence

In his first and second issues, appellant challenges
the legal and factual sufficiency of the evidence supporting his conviction for
possession of a controlled substance.  In
his third issue, appellant challenges the legal sufficiency of the evidence
supporting his conviction for felon in possession of a firearm.  




A.      Standard of Review

This Court reviews legal and factual sufficiency challenges using
the same standard of review.  Ervin
v. State, No.
01-10-00054-CR, 2010 WL 4619329, at *2–4 (Tex. App.—Houston [1st Dist.] Nov.
10, 2010, pet. filed) (construing majority holding of Brooks v. State,
323 S.W.3d 893, 912, 926 (Tex. Crim.
App. 2010)).  Under this standard,
evidence is insufficient to support a conviction if, considering all the record
evidence in the light most favorable to the verdict, no rational factfinder
could have found that each essential element of the charged offense was proven
beyond a reasonable doubt.  See Jackson v.
Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); In re Winship, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); Laster v. State,
275 S.W.3d 512, 517 (Tex. Crim. App. 2009); Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).  Viewed in the light most favorable to the
verdict, the evidence is insufficient under this standard in two
circumstances:  (1) the record contains
no evidence, or merely a “modicum” of evidence, probative of an element of the
offense; or (2) the evidence conclusively establishes a reasonable doubt.  See
Jackson, 443 U.S. at 314, 318 n.11, 320, 99 S. Ct. at 2786, 2789 &
n.11; Laster, 275 S.W.3d at
518; Williams, 235 S.W.3d at
750.  Additionally, the evidence is
insufficient as a matter of law if the acts alleged do not constitute the
criminal offense charged.  Williams, 235 S.W.3d at 750.

An
appellate court determines whether the necessary inferences are reasonable
based upon the combined and cumulative force of all the evidence when viewed in
the light most favorable to the verdict. 
Clayton v. State,
235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)).  In viewing the record, direct and
circumstantial evidence are treated equally. 
Id.  Circumstantial evidence is as probative as
direct evidence in establishing the guilt of an actor, and circumstantial
evidence alone can be sufficient to establish guilt.  Id.  An appellate court presumes that
the factfinder resolved any conflicting inferences in favor of the verdict and
defers to that resolution.  See Jackson, 443 U.S. at 326, 99 S. Ct. at 2793;
Clayton, 235 S.W.3d at 778.  An
appellate court also defers to the factfinder’s evaluation of the credibility
and weight of the evidence.  See
Williams, 235 S.W.3d at 750.

B.      Law
Pertaining to Possession 

 An individual commits the offense of
possession of cocaine if he “knowingly or intentionally possesses” cocaine in
an amount of one gram or more but less than four grams.  Tex. Health & Safety Code Ann. §§ 481.002(38), 481.115(a), (c).  An individual also commits an offense if,
after a previous conviction of a felony and before the fifth anniversary of his
release from confinement or from community supervision, parole, or mandatory
supervision, whichever date is later, he possesses a firearm.  Tex. Penal Code Ann. §
46.04(a)(1); James v. State, 264
S.W.3d 215, 218 (Tex. App.—Houston [1st Dist.] 2008, pet. ref’d).

To
prove possession, the State must establish that the accused (1) exercised care,
control, or management over the contraband, and (2) knew the substance was
contraband.  Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).  Possession is a voluntary act if the possessor
knowingly obtains or receives the thing possessed or is aware of his control of
the thing for a sufficient time to permit him to terminate his control.  Tex. Penal Code Ann. § 6.01(b) (West
2003).  

Furthermore,
when the contraband is not found on the accused or he is not in exclusive
possession of the place where the contraband is found, additional independent
facts and circumstances must affirmatively “link” him to the contraband “in
such a way that it can be concluded that the accused had knowledge of the
contraband and exercised control over it.”  Roberson
v. State, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).
 The links rule “simply restates the
common-sense notion that a person—such as a father, son, spouse, roommate, or
friend—may jointly possess property like a house but not necessarily jointly
possess the contraband found in that house.”  Poindexter,
153 S.W.3d at 406. Under this rule, an individual’s mere presence at the
location where contraband is discovered is insufficient, by itself, to
establish actual care, custody or control of that contraband.  Evans v.
State, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).

Texas
courts have identified a non-exclusive list of factors that may help to show an
accused’s links to the contraband, including (1) the accused’s presence when a
search is conducted, (2) whether the contraband was in plain view, (3) the
accused’s proximity to and accessibility of the contraband, (4) whether the
accused was under the influence of narcotics when arrested, (5) whether other
contraband or narcotics were found in the accused’s possession, (6) any
incriminating statements the accused made when arrested, (7) whether the
accused made furtive gestures or attempted to flee, (8) any odor of contraband,
(9) the presence of other contraband or paraphernalia, (10) the accused’s
ownership or right to possess the place where the contraband was found, (11)
whether the place where the drugs were found was enclosed; (12) whether the
defendant was found with a large amount of cash; and (13) whether the conduct
of the accused indicated consciousness of guilt.  See
Evans, 202 S.W.3d at 162 n.12.  The
number of links present is not as important as the logical force of any of the
links to prove the accused knowingly possessed the contraband.  Roberson,
80 S.W.3d at 735.

1.    
     Possession of Cocaine 

Appellant argues that there is insufficient evidence
linking him to control over the house where the drugs were found or to
possession of and control over the cocaine. 
He asserts that the evidence does not establish that he was in the
bedroom where the narcotics were found. 
His aunt also testified that appellant did not normally reside there.  

Viewing the evidence in the light most favorable to
the jury’s verdict, the following factors link appellant to the contraband:  Appellant was present in the bedroom when the
search was conducted there.  Eleven of
the twelve bags of contraband were found in plain view.  Appellant was “right next to” and had immediate
access to the eleven bags of contraband located in the rocking chair next to him.  In fact, Officer Gill testified that appellant
reached in the direction of the cocaine when Officer Gill was in the room.  Appellant was a short distance from and had
easy access to the twelfth bag of contraband located in the kitchen. Eleven of
the twelve bags were found in an enclosed room, in which appellant was alone.  

Additionally, there was some evidence from which the
jury could infer that appellant was not merely a visitor in the house but exercised
some degree of control over the bedroom in which he was found at the time of
the search.  The search was executed at
around two in the afternoon.  Appellant
was alone at the house in the middle of the day in the bed in the bedroom
wearing only his boxer shorts.   According to appellant’s aunt, he had been at
the house since at least eight-thirty that morning.  Appellant’s aunt testified that she went to
the house that morning to see appellant after she could not get in touch with
him.  She did not testify as to how she
knew to find appellant there when she was unable to get in touch with him.  She did testify that she did not see the
cocaine bags in the room when she was there that morning.  Appellant’s aunt also testified that appellant
told her that morning that he was sick and was going to “stay in the house” all
day. 

Finally, even if we were to determine that appellant
was only sufficiently linked to the eleven bags of cocaine found with him in
the bedroom, those bags contained two grams of cocaine and are, alone,
sufficient to support the conviction.

Viewing the evidence in the light most favorable to
the verdict, a rational jury could reasonably conclude beyond a reasonable
doubt that appellant had actual care, custody, control, or management of the
cocaine.  See Ervin, 2010 WL 4619329, at *2–4; Roberson, 80 S.W.3d at 735.  Accordingly,
we hold that the evidence is sufficient to support appellant’s conviction for
the offense of possession of cocaine.  We
overrule appellant’s first and second issues. 

2.    
     Felon
in Possession of a Firearm

Appellant
contends the evidence establishing felon in possession of a firearm is
insufficient because of contradictory testimony from Officer Gill and Officer
Walker regarding where the gun was found. 
Officer Walker testified that he found the pistol in the bed, directly
underneath where appellant was sitting. Officer Gill testified that the gun was
“recovered on that date there in the room next to where the defendant was
seated.”  Appellant construes Officer
Gill’s statement to mean that the gun was recovered in a different room from
where appellant was initially found. 
However, this statement could also be interpreted as Officer Gill
explaining that he recovered the gun in the same room as appellant, next to
where appellant was seated.  Additionally,
appellant stated to the officers that there was a gun underneath him.  The jury could have reasonably believed that
Officer Gill found the gun in same room as appellant, next to where he was
seated.  We must defer any credibility
assessments to the jury.  See Marshall
v. State, 210 S.W.3d 618,
625 (Tex. Crim. App. 2006).

Viewing the evidence in the light most
favorable to the verdict, the jury could reasonably conclude beyond a reasonable
doubt that appellant had actual care, custody, or control of the firearm.
 See Ervin, 2010 WL 4619329, at
*2–4.  We hold that the evidence is sufficient to support appellant’s conviction
for the offense of felon in possession of a firearm.  We overrule the appellant’s third issue. 

Motion to Suppress Evidence

In his fourth, fifth, and sixth issues, appellant claims
the trial court erred in denying his motion to suppress evidence of the cocaine
and the gun in violation of the United States Constitution, Texas Constitution,
and Code of Criminal Procedure. See U.S.
Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code. Crim. Proc.
Ann. art. 38.23(a)
(West 2005). 
Appellant contends that
the affidavit upon which the search warrant relied did not provide probable
cause because the information cited in the affidavit was too remote from the
date of the actual search to warrant the belief that contraband would be found
on the premises and the officers had no direct proof of criminal activity.

A.      Standard of Review

An application for a search warrant must be
supported by an affidavit. Tex. Code. Crim. Proc. Ann. arts. 1.06, 18.01(b) (West
2005).  The affidavit should set forth
the facts that establish probable cause.  Id.  Probable cause exists when the facts given to
a magistrate are sufficient to conclude that the object of the search is
probably on the premises at the time the warrant is issued.  Cassias
v. State, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986); McKissick v. State, 209 S.W.3d 205, 211 (Tex. App.—Houston [1st
Dist.] 2006, pet. ref’d).

When reviewing the sufficiency of an affidavit, we
do not engage in a de novo review;
instead we give great deference to the magistrate’s determination of probable
cause.  Swearingen v. State, 143 S.W.3d 808, 810-811 (Tex. Crim. App. 2004);
McKissick, 209 S.W.3d at 211.  A search warrant is adequate when the
magistrate has a substantial basis for concluding that probable cause was
shown.  Swearingen, 143 S.W.3d at 810-811; McKissick, 209 S.W.3d at 212.  The sufficiency of the affidavit is determined
by considering the totality of the circumstances set forth within the four
corners of the affidavit. Illinois v.
Gates, 462 U.S. 213, 238; 103 S.Ct. 2317, 2332 (1983); Swearingen, 143 S.W.3d at 810-811.

To justify a magistrate’s finding that an affidavit
is sufficient to establish probable cause to issue a search warrant, the facts
set out in the affidavit must not have become stale by the time the magistrate
issues the search warrant.  Hafford v. State, 989 S.W.2d 439, 440
(Tex. App.—Houston [1st Dist.] 1999, pet. ref’d).  The proper method to determine whether the
facts supporting a search warrant have become stale is to examine, in light of
the type of criminal activity involved, the elapse of time between the
occurrence of the events set out in the affidavit and the time the search
warrant was issued.  Id.  Probable cause ceases to
exist when, at the time the search warrant is issued, it would be unreasonable
to presume the items remain at the suspected place.  Guerra
v. State, 860 S.W.2d 609, 611 (Tex. App.—Corpus Christi 1993, pet. ref’d).  However, when the affidavit recites facts
indicating activity of a protracted and criminal nature, the passage of time
becomes less significant.  Lockett v. State, 879 S.W.2d 184, 189
(Tex. App.—Houston [14th Dist.] 1994, pet. ref’d).

B.      Analysis

Officer Gill was the affiant for the search warrant.
The warrant was issued on February 17, 2008. 
In the affidavit, Officer Gill averred: (1) he was informed by Officer
J. Castro that Officer Castro had made several arrests of persons leaving the
location of 1917 Brackenridge Street, and on each occasion they were in
possession of cocaine; (2) he performed a computer search on the 1900 block of
Brackenridge Street regarding service calls to the Houston police and
discovered a large number of calls regarding persons selling and using drugs at
1917 Brackenridge Street; (3) he found three cases, filed between January 24,
2008, and February 2, 2008, describing arrests of persons seen leaving 1917
Brackenridge Street, and on each occasion, each person was in possession of
cocaine; (4) he enlisted the help of a confidential informant who had
previously provided reliable and credible information; (5) on February 16,
2008, the day before the warrant issued, Officer Gill took the confidential
informant to the house; the confidential informant reported to Officer Gill
that he saw a man sell cocaine to two different people and that the man had
four bags of cocaine in his hands. 

Appellant contends that Officer Gill’s findings of
three arrests for possession of cocaine between January 24, 2008 and February
2, 2008 were too remote to warrant the belief that contraband would be found on
the suspected premises when the warrant was signed approximately two weeks
later.  However, based on the statement
from Officer Castro, Officer Gill’s computer research and the information from
the confidential informant, sufficient information supported a finding of
probable cause that narcotics were continuously being sold at 1917 Brackenridge
Street.  See Lockett, 879 S.W.2d at 189. 

Next, appellant contends that there was no proof
that any criminal activity occurred when Officer Gill took the confidential
informant to the house.  First, he
asserts that Officer Gill did not personally observe any criminal activity but
instead relied on the statements of the confidential informant, who merely saw
what he suspected to be a drug transaction. 
The confidential informant did not buy any drugs and did not bring any
drugs to Officer Gill.  However, an
affidavit need not reflect the direct personal observations of the affiant, so
long as the magistrate is informed of some underlying circumstances supporting
the affiant’s conclusions and his belief that the informant involved was credible
or his information reliable.  United States v. Ventresca, 380 U.S.
102, 108, 85 S. Ct. 741, 745–746 (1965); State
v. Ozuna, 88 S.W.3d 307, 310 (Tex. App. —San Antonio 2002, pet.
ref’d).  Here, the totality of the
evidence gave Officer Gill reason to believe that drugs were continuously being
sold at the suspected residence. 
Additionally, he stated in the affidavit that he had used the
confidential informant in the recent past and the informant’s information had
been reliable, leading to several seizures of cocaine, crack cocaine, and
marijuana.  We conclude that from the
totality of the circumstances set forth within the affidavit, there is
substantial basis to conclude that probable cause was formed.  See
Gates, 462 U.S. at 238, 103 S.Ct. at 2332; see also Swearingen, 143 S.W.3d at 811.  We overrule appellant’s fourth, fifth, and
sixth issues. 

Ineffective Assistance of Counsel

In his seventh issue, appellant complains he was
denied effective assistance of counsel because his trial counsel failed to file
a motion under section 3.04 of the Texas Penal Code, which grants a criminal
defendant a right to sever offenses that have been consolidated by the State
under section 3.02.   Tex. Penal Code Ann. §§ 3.02(a), 3.04(a) (West 2003, West
Supp. 2010).  Appellant’s
counsel filed a motion to sever the prosecutions, but cited article 36.09 of
the Texas Code of Criminal Procedure, which governs severance of multiple
defendants, not multiple offenses.  Tex. Code of Crim. Proc. Ann. art. 36.09 (West 2007).  The
record contains neither a hearing nor a ruling on this motion.  

A.      Standard of Review

The United States Supreme Court has established a
two-pronged test for determining whether there was ineffective assistance of
trial counsel.  Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052,
2064, 2068 (1984).  To prevail on a claim
of ineffective assistance of counsel under Strickland,
an appellant must show that (1) counsel’s performance fell below an objective
standard of reasonableness and (2) but for counsel’s unprofessional error,
there is a reasonable probability that the result of the proceeding would have
been different.   Id.; Andrews v. State,
159 S.W.3d 98, 102 (Tex. Crim. App. 2005); Thompson
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  Under the first prong, the defendant must
prove by a preponderance of the evidence that trial counsel’s representation
objectively fell below professional standards. 
Mitchell v. State, 68 S.W.3d
640, 642 (Tex. Crim. App. 2002).  We
consider the totality of the representation and the circumstances of the case, and
not isolated errors; the right to effective assistance does not mean a right to
error-free representation.  See Robertson v. State, 187 S.W.3d 475,
483–84 (Tex. Crim. App. 2006).  Under the
second prong, a “reasonable probability” means a “probability sufficient to
undermine confidence in the outcome.”  Id.  

A failure to make a showing under either prong
defeats a claim for ineffective assistance. 
Rylander v. State, 101 S.W.3d
107, 110 (Tex. Crim. App. 2003).  Any
allegation of ineffectiveness must be firmly founded in the record, which must
demonstrate affirmatively the alleged ineffectiveness.  Thompson,
9 S.W.3d at 813 (citing McFarland v.
State, 845 S.W. 2d 824, 843 (Tex. Crim. App. 1992)).  

B.      Analysis

Appellant contends that his trial counsel’s
performance was deficient because the motion to sever on file cites article
36.09 of the Code of Criminal Procedure and, therefore, counsel failed to file
a motion to sever under section 3.04 of the Penal Code.  

The State may prosecute a defendant in a single
criminal action for all offenses arising out of the same criminal episode.  Tex. Penal Code Ann. § 3.02(a).  A
defendant has the right, with certain narrow exceptions, to severance of any
offenses joined under Section 3.02(a).  Tex.
Penal Code Ann. § 3.04(a). 
The record establishes that appellant’s trial counsel filed a motion to
sever, though the motion cited to a severance-related provision of the  Code of Criminal Procedure instead of section
3.04(a).  Appellant contends that this
error shows counsel did not have a firm command of the governing law.  See Ex
parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990).  

Contrary to appellant’s brief, however, the
substance of the motion to sever clearly addresses severance of the offenses
for separate trials.  In the motion, trial
counsel cited appropriate precedent and cogently argued for the severance of
the two cause numbers at issue in this case. 
Indeed, trial counsel’s motion addressed the precise harm now identified
by appellant in his ineffective assistance challenge, arguing that “it would be
clearly prejudicial to the defendant to allow evidence of a prior conviction in
the felon in possession of a weapon case to be admitted during the trial of the
possession of a controlled substance case.” 
The trial court never ruled on the motion to sever.  The record is silent as to whether trial
counsel had a reasonable strategy to abandon pursuit of the severance of
offenses, but as the State observes, joinder of the two offenses here resulted
in these two sentences being served concurrently.  See
Tex. Penal Code Ann. § 3.04(b) (West 2003, West Supp. 2010). 

Considering the totality of the representation, we
conclude that the inadvertent error in citation in the motion to sever does not
establish by a preponderance of the evidence that appellant’s trial counsel’s
performance fell below an objective standard of reasonableness.  See
Robertson, 187 S.W.3d at 483 (Strickland
standard does not confer right to “errorless or perfect counsel”); Mitchell, 68 S.W.3d at 642.  Thus, we hold that appellant has not satisfied
the first prong of Strickland.  

We overrule appellant’s final issue.

                                                Conclusion                            

We affirm the judgment of the trial court.

 

                                                                   

                                                                   Elsa
Alcala

                                                                   Justice 

 

Panel consists of Chief Justice Radack and
Justices Alcala and Bland.

Do not publish. 
 Tex. R. App. P. 47.2(b).

 











[1]           See Tex.
Penal Code Ann. § 3.04(a) (West
2003, West Supp. 2010); Tex. Code Crim.
Proc. Ann. art. 36.09 (West
2007). 






[2]           This offense falls under trial cause number
1154843 and appellate number 01-09-00567-CR





[3]           This
offense falls under trial cause number
1154844 and appellate number 01-09-00568-CR